1  CLIFFORD D. SETHNESS (SBN 212975)
   JASON M. STEELE (SBN 223189)
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel: 213.612.2500 / Fax: 213.612.2501
   *csethness@morganlewis.com*
5  *jsteele@morganlewis.com*

6  *Attorneys for Defendant*
   PACIFIC MARITIME ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSE AYALA, DEANDRE WHITTEN, LEROY PHILLIPS, GONZALO TORRES, JOSE LINAREZ, KIMANI STAFFORD, AND JOSEPH LAWTON, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC MARITIME ASSOCIATION, a California corporation; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, a labor organization; and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 13, a labor organization; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 08 0119 TEH<br><br>Hon. Thelton E. Henderson<br><br>**DEFENDANT PACIFIC MARITIME ASSOCIATION'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br>Date:         April 21, 2008<br>Time:         10:00 a.m.<br>Courtroom:  19 |
|---|---|

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/987529.1                                                                                                  CV 08 0119 TEH

Defendant Pacific Maritime Association ("PMA") hereby joins in and incorporates by reference the arguments set forth in the Joint Reply Brief [docket no. 21] filed by Defendants International Longshore and Warehouse Union ("ILWU") and ILWU Local 13 ("Local 13"), except as noted below.

## I. BECAUSE PLAINTIFFS NEVER SUBMITTED THEIR GRIEVANCE TO THE JPLRC, THEIR LMRA § 301 CLAIM SHOULD EITHER BE DISMISSED OR REFERRED TO THE JPLRC FOR DECISION

PMA agrees with the Union Defendants that Plaintiffs have failed to exhaust their contractual remedies. The PCLCD's multi-step grievance-arbitration process requires all grievances to be brought first before the JPLRC. Plaintiffs failed to exhaust this requirement. Plaintiffs argue that they attempted to exhaust Section 17 requirements by repeatedly requesting a transfer from Local 13 officials (*see,* Pltf. Opp. Brf. at 8-11), and prior to that, by petitioning the ILWU (*see,* Pltf. Opp. Brf. At 1-2) but this misses the mark. Under the PCLCD, the first step of the grievance process is before the *JPLRC,* not Local 13, and not the ILWU. The Union is not the same as, and does not unilaterally control, the joint labor-management committees (LRCs) established under the PCLCD to address various issues and grievances. Specifically, the Los Angeles-Long Beach JPLRC is jointly controlled by the employers (represented by PMA) and by Local 13 members. Because each side has an equal vote, neither side may decide a grievance unilaterally. *See,* PCLCD § 17.11.

Critically, Plaintiffs never submitted their transfer requests to either the JPLRC itself, or to PMA acting as agent for the JPLRC's employer representatives. According to their Complaint, the only written communication Plaintiffs ever had with anyone at PMA was the September 5, 2007 letter to the respective presidents of PMA and the ILWU. This is not a substitute for submitting a grievance to the JPLRC as required by the contract, and nothing in the contract permits a worker to bypass the Section 17 grievance-arbitration process in this way.[1] Because Plaintiffs

---

[1] In their opposition brief, Plaintiffs contend that one of them telephoned a "PMA official,"

1  allegedly communicated exclusively with the ILWU and Local 13 over the years
2  about their transfer requests (and not with the employers), and because Local 13
3  allegedly refused to place the issue on the JPLRC's agenda, the employers have had
4  no meaningful opportunity to exercise their contractual duty to decide the request at
5  the JPLRC level.

6  Although PMA agrees with the Union Defendants that Plaintiffs are not
7  entitled to sue for breach of contract because they have not exhausted their contract
8  remedies, PMA disagrees that this matter belongs before the Coast Arbitrator at this
9  juncture. The Defendants correctly argued in their moving papers that this matter
10 belongs, in the first instance, before the JPLRC. (*See,* Defs' Joint Brf. [docket no.
11 10] at 14-15.) The Coast Arbitrator is the final step in the contract's grievance-
12 arbitration process, and is permitted under the contract *only* after all other steps
13 have been completed. *See,* PCLCD §§ 17.261, 17.27. This is so regardless of
14 whether the Plaintiffs' claim is understood as one for violation of contractual
15 transfer rights pursuant to Supplement I, or for discrimination based on union
16 membership or non-membership pursuant to Sections 13.1 and 13.3, which claims
17 are subject to different but still multi-layered grievance machinery under Section 17
18 of the PCLCD. Specifically:

19 With respect to matters of registration and transfer, JPLRC disagreements are
20 reviewable by the Joint Coast Labor Relations Committee ("CLRC"). *See* PCLCD
21 § 8.3 ("The Joint Port Labor Relations Committee in any port, subject to the
22 ultimate control of the Joint Coast Labor Relations Committee, shall exercise
23 control over registered lists in that port, including the power to make additions to or
24 subtractions from the registered lists as may be necessary."), Supplement I (same,
25 and "The rights and obligations of coastwise registration shall be under the control

---

26 whose named they do not state, on an unknown date, and that this nameless "official" said that
   PMA could not put their request on the JPLRC's agenda. (*See,* Pltfs' Opp. Brf. at 3-4.) However,
27 this contention appears nowhere in Plaintiffs' complaint, and is so vague as to preclude any
   reliance on it whatsoever. With absolutely no foundational details, there is no basis to bind PMA
28 to this purported statement and the Court should disregard it.

of the Joint Coast Labor Relations Committee …"). The JCLRC has jurisdiction to review various specified decisions of the JPLRCs, all prior to there being any opportunity for further appeal to the Coast Arbitrator. The matter may be referred to the Coast Arbitrator only if the JCLRC cannot reach agreement. *See,* PCLCD § 17.261. Ordering arbitration before the Coast Arbitrator in this case would impermissibly leapfrog over required steps in the PCLCD's grievance-arbitration process. This is not what the parties to the contract bargained for.

The Union Defendants argue that Plaintiffs' claim is really one for union discrimination in violation of Sections 13.1 and 13.3, not Supplement I, and that Plaintiffs therefore have a right to immediate Coast Arbitration under Section 17.4, regardless of the position of the parties. (*See,* Union Def. Reply Brf. [docket no. 21] at 4.) Section 17.4 outlines the procedure by which an individual worker may file a grievance alleging a violation of Section 13.1 (discrimination), including claims based on union membership/non-membership. But the PCLCD expressly requires that the grievance be submitted to the JPLRC, not the Coast Arbitrator. PCLCD § 17.41. Once the JPLRC issues its decision on the merits of a grievance, the grievant still has no right to Coast Arbitration; instead, he must appeal the decision to the JCLRC. PCLCD § 17.42. Only after the JCLRC issues a decision may the grievant appeal to the Coast Arbitrator. PCLCD § 17.43. Thus, even assuming Plaintiffs' claims arise under Sections 13.1, 13.3 and 17.4, a referral directly to the Coast Arbitrator would violate the plain terms of the contract.

Finally, even if this Court determines that either Plaintiffs have sufficiently exhausted their remedies before the JPLRC or that submitting a grievance to that body would be futile, a referral to the Coast Arbitrator is still inappropriate. The contract provides that "[i]f the local machinery becomes stalled or fails to work, the matter in dispute can be referred at once by either the Union or the Association to the *Joint Coast Labor Relations Committee* for disposition." PCLCD § 17.282 (emphasis added).

1  Therefore, whether their grievance arises under Supplement I and/or Sections
2  13.1 and 13.3, nothing in the PCLCD authorizes a referral directly to the Coast
3  Arbitrator in these circumstances. The JPLRC has not issued a decision or even
4  had the matter placed on an agenda to discuss Plaintiffs' grievance, and PMA has
5  not had a meaningful opportunity to consider the grievance at that level. Nor did
6  the JCLRC's action in responding to the letter sent it by Plaintiffs' attorney
7  constitute review of the merits of the grievance by the JCLRC; to the contrary, the
8  JCLRC noted that the JPLRC level of inquiry had not been exhausted. (Defs' Joint
9  Brf. [docket no. 10] at 11, 15.)

10  Accordingly, PMA asks that the Court dismiss this action for failure to
11  exhaust contractual remedies. Failing that, PMA asks that the Court refer
12  Plaintiffs' grievance to the Los Angeles-Long Beach JPLRC for a decision. Should
13  the latter be ordered, PMA, like the Union Defendants, would not object to having
14  the Court order a reasonable time frame in which to have the steps of the grievance
15  machinery satisfied.

## II. PLAINTIFFS CANNOT STATE A CLAIM AGAINST PMA UNDER THE LMRDA

In their opposition, Plaintiffs respond generically that they can state a claim against PMA because the LMRDA applies to employers. This half-truth ignores the text of the statute. The LMRDA is targeted overwhelmingly at curbing abuses by labor unions, and very few of its provisions apply to employers. Specifically, the statute prohibits employers or employer associations from financing or participating in certain legal proceedings between unions and their members, and requires employers to report specified financial transactions to the Department of Labor. 29 U.S.C. §§ 411(a)(4), 433.

Plaintiffs do not allege that PMA violated any of the limited LMRDA provisions that apply to employers or employer associations. Therefore, even assuming arguendo that PMA would be considered subject to the LMRDA in the

circumstances of this case,[2] and in addition to all of the reasons set forth in the Defendants' moving papers and in the Union Defendants' Reply Brief, Plaintiff's LMRDA claim against PMA must be dismissed.

### III. CONCLUSION

For all the foregoing reasons and the reasons expressed in the Defendants' moving papers, Defendant Pacific Maritime Association respectfully requests that the Court grant the Defendants' motion.

Dated: April 8, 2008          MORGAN, LEWIS & BOCKIUS LLP

By     /s/
Jason M. Steele
Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION

---

[2] PMA does not concede that it is an "employer" of longshore workers under the LMRDA or any other law. But this dispute is not material to this motion because Plaintiffs fail to allege that PMA violated any provision of the LMRDA that applies to employers.

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On April 8, 2008, I served the within documents:

**DEFENDANT PACIFIC MARITIME ASSOCIATION'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

☒ by causing the documents to be sent by electronic mail to the recipients listed below.

| | |
|---|---|
| Mark F. Sullivan<br>Lamdien T. Le<br>SULLIVAN & TAKETA LLP<br>31351 Via Colinas, Suite 205<br>Westlake Village, CA 91362 | Robert S. Remar<br>Phil A. Thomas<br>LEONARD CARDER LLP<br>1188 Franklin Street, Suite 201<br>San Francisco, CA 94109 |
| Dennis L. Kennelly<br>LAW OFFICES OF DENNIS L. KENNELLY<br>1030 Curtis Street, Suite 200<br>Menlo Park, CA 94025 | Steven R. Holguin<br>John J. Kim<br>HOLGUIN, GARFIELD & MARTINEZ<br>800 W. Sixth Street, Suite 950<br>Los Angeles, CA 90048 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 8, 2008, at Los Angeles, California.

/s/
Jason M. Steele

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CV 08 0119 TEH