MARK F. SULLIVAN, State Bar No. 111011
LAMDIEN T. LE, State Bar No. 185331
SULLIVAN TAKETA LLP
31351 Via Colinas, Suite 205
Westlake Village, California 91362-3755
Telephone: (818) 889-2299
Facsimile: (818) 889-4497
E-mail: mark.sullivan@calawcounsel.com
dien.le@calawcounsel.com

DENNIS L. KENNELLY, State Bar No. 064916
LAW OFFICES OF DENNIS L. KENNELLY
1030 Curtis Street, Suite 200
Menlo Park, California 94025
Telephone: (650) 853-1291
Facsimile: (650) 854-7839
E-mail: secretarymim@aol.com

Attorneys for Plaintiffs

(Attorneys for Defendants listed on next page)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA, DEANDRE WHITTEN, LEROY PHILLIPS, GONZALO TORRES, JOSÉ LINAREZ, KIMANI STAFFORD, and JOSEPH LAWTON, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC MARITIME ASSOCIATION, a California corporation; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, a labor organization; and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 13, a labor organization; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV-08-0119-TEH<br><br>[Complaint Filed: January 7, 2008]<br><br>**RULE 26(f) JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: May 19, 2008<br>TIME: 1:30 p.m.<br>CTRM: 12 |

1

RULE 26(f) JOINT CASE MANAGEMENT STATEMENT
Case No. CV-08-0119-TEH

```
 1  ROBERT S. REMAR (SBN 100124)
    PHIL A THOMAS (SBN 248517)
 2  LEONARD CARDER, LLP
    1188 Franklin St., Suite 201
 3  San Francisco, CA 94109
    Tel: (415) 771-6400 / Fax: (415) 771-7010
 4  E-mail:    rremar@leonardcarder.com
               pthomas@leonardcarder.com
 5
    Attorneys for Defendant
 6  INTERNATIONAL LONGSHORE AND WAREHOUSE UNION

 7  STEVEN R. HOLGUIN (SBN 115768)
    JOHN KIM (SBN 232957)
 8  HOLGUIN, GARFIELD & MARTINEZ, LLP
    800 West Sixth Street, Ste. 950
 9  Los Angeles, CA 90048
    Tel: (213) 623-0170 / Fax: (213) 623-0171
10  E-mail:    sholguin@holgar.com
               jkim@holgar.com
11
    Attorneys for Defendant
12  INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 13

13
    CLIFFORD D. SETHNESS (SBN 212975)
14  JASON M. STEELE (SBN 223189)
    MORGAN, LEWIS & BOCKIUS LLP
15  300 South Grand Avenue
    Twenty-Second Floor
16  Los Angeles, CA 90071-3132
    Tel: (213) 612-2500 / Fax: (213) 612-2501
17  E-mail:    csethness@morganlewis.com
               jsteele@morganlewis.com
18
    L. JULIUS M. TURMAN (SBN 226126)
19  M. Michael Cole (SBN 235538)
    MORGAN, LEWIS & BOCKIUS LLP
20  One Market, Spear Street Tower
    San Francisco, CA 94105-1126
21  Tel: 415.442.1000 / Fax: 415.442.1001
    E-mail:    jturman@morganlewis.com
22             steven.garrett@morganlewis.com

23  Attorneys for Defendant
    PACIFIC MARITIME ASSOCIATION
24

25  TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:

26          Pursuant to Civil Local Rule 16-9, FRCP Rule 26(f), and the Court's Order Setting

27  Initial Case Management Conference and ADR Deadlines filed on January 7, 2008, and

28
                                          2
                 RULE 26(f) JOINT CASE MANAGEMENT STATEMENT
                          Case No. CV-08-0119-TEH
```

Clerk's Notice Rescheduling Hearing filed on March 4, 2008, Plaintiffs Jose Ayala, Deandre Whitten, Leroy Phillips, Gonzalo Torres, Jose Linarez, Kimani Stafford, and Joseph Lawton, and Defendants Pacific Maritime Association ("PMA"), International Longshore and Warehouse Union ("ILWU"), and International Longshore and Warehouse Union, Local 13 ("Local 13"), through their respective counsel of record filed this Rule 26(f) Joint Case Management Statement, based upon the early meeting of counsel on April 28, 2008. In attendance for the telephonic meeting were Mark F. Sullivan, Dennis L. Kennelly, and Lamdien T. Le on behalf of Plaintiffs, L. Julius M. Turman on behalf of Defendant PMA, Phil A Thomas on behalf of Defendant ILWU, and John Kim on behalf of Defendant Local 13.

**1. Jurisdiction and Service:**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. All the parties have been properly served, and there are no issues regarding personal jurisdiction or venue.

**2. Facts:**

Defendants ILWU and PMA are parties to a collective bargaining agreement known as the Pacific Coast Longshore Contract Document ("PCLCD"). The PCLCD permits longshore workers to transfer from one location to another if certain conditions are met and certain procedures are followed. Plaintiffs are longshore workers registered under the jurisdiction of ILWU Local 10 in the San Francisco Bay area, and seek by this action to transfer to the jurisdiction of Defendant Local 13 at the Ports of Los Angeles and Long Beach.[1]

Plaintiffs contend that they have been seeking transfers since at least 2004 and, in September 2005, Plaintiffs sent a joint letter to the ILWU Coast Committee members and other officers, stating that they have been requesting transfer, have followed all the procedures for transfer, but have not received any official response to the request. Copies of this letter were also sent to officers of Local 10 and Local 13.

---

[1] ILWU Local 10 is not a party to this action.

The following facts are not in dispute:

The minutes of the March 29, 2007 meeting of the San Francisco Joint Port Labor Relations Committee ("SF JPLRC") reflect that ILWU Local 10 requested the Employers' agreement to the transfer of the seven Plaintiffs to the jurisdiction of Local 13. These minutes also reflect that subsequent to that meeting, the Employers determined that Plaintiffs Ayala, Whitten, Torres, Lawton, Linarez and Phillips were eligible to petition Local 13 for transfer; the Employers' response does not mention Plaintiff Stafford. By letter dated May 24, 2007, then-Local 10 Secretary-Treasurer, Farless F. Dailey, III, informed then-Local 13 Secretary-Treasurer Frank Ponce de Leon that the seven Plaintiffs had been "cleared to request transfers to Local 13." By letter dated July 17, 2007, Plaintiffs informed Mr. Ponce de Leon that they wished to transfer to Local 13. Plaintiffs requested that "the matter be addressed at the next meeting of the Los Angeles-Long Beach Joint Port Labor Relations Committee (Los Angeles-Long Beach JPLRC)."

By letters dated September 5, 2007, Plaintiffs requested that ILWU President Robert McEllrath and PMA President Jim McKenna set their transfer requests for hearing/consideration by the Joint Coast Labor Relations Committee ("JCLRC"). The JCLRC reviewed Plaintiffs' September 5, 2007 letter at its September 27, 2007 meeting. The JCLRC's minutes state that it determined that three of the Plaintiffs had been released to seek transfer by the San Francisco JPLRC, but that the other four had not. (Plaintiffs do not dispute that this is what is reflected in the JCLRC's minutes, but deny the accuracy of the same.) By letter dated October 17, 2007, ILWU informed Plaintiffs that transfer requests should be addressed to the Los Angeles/Long Beach JPLRC, and that ILWU would forward their September 5, 2007, letter to that body.

The parties disagree regarding (1) whether Plaintiffs have followed the proper procedures to apply for the transfers they seek herein, and (2) whether Plaintiffs are entitled to the transfers they seek herein.

3. **Legal Issues:**

(a) Whether Defendant ILWU owes a duty of fair representation to any Plaintiff, and if so, whether ILWU breached that duty with respect to that Plaintiff.

(b) Whether Defendant Local 13 owes a duty of fair representation to any Plaintiff, and if so, whether Local 13 breached that duty with respect to that Plaintiff.

(c) Whether Defendant PMA breached any provision of the applicable collective bargaining agreement with respect to any Plaintiff.

(d) Whether any Defendant is legally responsible for the acts and/or omissions of any other Defendant under common law agency principles.

(e) Whether Plaintiffs' claims fail because of any of the defenses to be set forth in Defendants' forthcoming Answer(s) to Plaintiffs' forthcoming First Amended Complaint.

(f) Whether any Plaintiff has the right under the PCLCD to transfer his registration to the jurisdiction of Local 13.

(g) Whether Plaintiffs are entitled to damages, attorneys fees, or any of the other remedies they seek.

4. **Motions:**

On April 25, 2008, the Court *denied* Defendants' Motion to Compel Exhaustion of Contractual Grievance Arbitration Process and to Dismiss for Failure to State a Claim upon Which Relief May Be Granted as to Plaintiffs' First and Third Causes of Action, and *granted* the motion, *with* leave to amend, as to Plaintiffs Second Cause of Action.

Plaintiffs are considering moving for summary adjudication on the right to transfer. Plaintiffs do not anticipate bringing any other motions, except motions in limine prior to trial. Defendants anticipate filing motions to dismiss and/or for summary judgment on all claims.

5. **Amendment of Pleadings:**

Pursuant to the leave granted by the Court on April 25, 2008, Plaintiffs will be filing a First Amended Complaint to properly state a claim under the Labor-Management Reporting and Disclosure Act (LMRDA) by May 19, 2008. Other than this amendment, Plaintiffs do not

anticipate adding any other parties or claims at this time, but reserve the right to seek to amend if necessary based on the information revealed in discovery and continuing investigation. Plaintiffs propose that, in light of the union parties' notice that contract renewal negotiations may interfere with discovery in the coming months, the last day to move to amend to add claims and/or parties should be September 2, 2008, so that they can complete Rule 30(b)(6) depositions of the employer representative (PMA) and of the international and local union. Defendants propose that June 30, 2008, should be the last day.

6. **Evidence Preservation:**

Plaintiffs' counsel have instructed Plaintiffs to collect and retain all written documents, records and other things (including e-mails, voicemails, electronically-recorded material) supporting their claims and damages in this case.

Defendants' counsel have instructed Defendants to collect and retain all written documents, records and other things (including e-mails, voicemails, electronically-recorded material) relevant to the claims and defenses made in this case.

7. **Disclosures:**

The parties are in the process of completing the initial disclosure requirements of Fed.R.Civ.P. 26.

8. **Discovery:**

The parties have not commenced discovery in this case.

Plaintiffs' Proposed Discovery Plan:

Written Discovery: Plaintiffs intend to request production of correspondence, minutes of meetings, union records of past transfers and elevations between ILWU local unions, policies relating to transfers or the requirements for such a transfer, complaints received about alleged abuses of the right to transfer (e.g., sales of "books." nepotism complaints), in addition to other routinely maintained documents within the subject matter of this case. Plaintiffs will also serve interrogatories and requests for admissions upon each party.

Depositions: Plaintiffs intend taking 30(b)(6) depositions of all Defendants. Plaintiffs anticipate requiring up to 10 depositions in this case.

Defendants' Proposed Discovery Plan:

Defendants will take depositions of all Plaintiffs and of all material witnesses identified by Plaintiffs. Defendants may also propound written discovery requests regarding Plaintiffs' alleged efforts to obtain transfers and the damages they allegedly suffered as a result of not obtaining the transfers they now seek.

Defendants submit that, due to Plaintiffs' assertion in Section 9 below of possible class conversion, all discovery should initially be restricted to matters relevant to class certification. Defendants further submit that the Court should establish deadlines for such discovery and for motions for class certification.

**9.  Class Actions:**

Plaintiffs believe that there is a class of similarly-situated longshoremen and reserve the right to convert this case to a class action after discovery and Rule 30(b)(6) depositions of Defendants. Defendants assert that the claims alleged herein require individualized treatment, and are therefore not appropriate for class action.

**10.  Related Cases:**

The parties are unaware of any related cases at this time.

**11.  Relief:**

Plaintiffs seek declaratory relief that: (i) Plaintiffs properly completed a transfer to Local 13 under the PCLCD; and (ii) the alleged failure by Local 13 to submit the Plaintiffs' grievances concerning their transfer requests breached the duty of fair representation allegedly owed to Plaintiffs, individually and collectively, by Local 13 and/or ILWU. Plaintiffs seek injunctive relief to assist them in obtaining what they contend is the place they would have held in the longshore labor pool in the Port of Los Angeles and Long Beach. Plaintiffs seek monetary damages for lost wages, benefits, travel, relocation and other incidental expenses,

including any allowable interest, allegedly incurred as a result of being denied transfers, as well as attorneys' fees and costs incurred in bringing and maintaining this action.

Defendants contend that Plaintiffs are entitled to none of the remedies they seek.

**12.    Settlement and ADR:**

Plaintiffs have made a settlement demand, which Defendants are considering. At this time, the parties are willing to submit the case to mediation and are attempting to reach agreement on the particular form such mediation would take.

**13.    Consent to Magistrate Judge for All Purposes:**

The parties do *not* want the case assigned to a Magistrate Judge for all purposes.

**14.    Other References:**

Plaintiffs' claim seeks declaratory and injunctive relief that would impact the rights of other longshore union members, and contend it is *not* suitable for binding arbitration. Defendants assert that Plaintiffs are required by federal labor law to submit their claims to binding arbitration, as provided by the collective bargaining agreement that governs their employment.

**15.    Narrowing of Issues:**

The only pending issue is Plaintiffs' hybrid duty of fair representation/Section 301 claim. Plaintiffs may file an amended complaint to raise additional issues; in response Defendants may file motions to dismiss or for summary judgment.

**16.    Expedited Schedule:**

The parties hereby agree to a bench trial before Judge Henderson.

**17.    Scheduling:**

The Complaint in this case was filed on January 7, 2008. Defendants have not filed their response to the Complaint because of Plaintiff's pending First Amended Complaint, which will be filed by May 19, 2008. Pursuant to stipulation, Defendants will file their response by June 18, 2008. The parties propose the following schedule for individualized treatment of Plaintiffs' claims:

| | |
|---|---|
| Discovery Cut-Off (Nonexpert): | December 19, 2008 |
| Designation of Experts: | January 30, 2009 |
| Motion Hearing Cut-Off: | March 9, 2009 |
| Final Pre-Trial Conference: | May 11, 2009 |
| Trial: | June 9, 2009 |

**18. Trial:**

Plaintiffs estimate a jury trial of 10 days (assuming 5-6 hours of Court time per day). Defendants estimate that a jury trial would require no more than six days.

**19. Disclosure of Non-party Interested Entities of Persons:**

On January 7, 2008, Plaintiffs filed their Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16. In Plaintiffs' Certification, they stated that, other than the named parties, there is no such interest to report.

Defendants are preparing their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16. Defendants will submit that all Longshore Division local unions of ILWU have a non-financial interest that could be substantially affected by the outcome of this proceeding.

Respectfully submitted,

DATED: May 12, 2008          SULLIVAN TAKETA LLP

By: /s/ Mark F. Sullivan
Mark F. Sullivan
Lamdien T. Le
Attorneys for Plaintiffs

DATED: May ___, 2008         LAW OFFICES OF DENNIS L. KENNELLY

By: _____
Dennis L. Kennelly
Attorneys for Plaintiffs

FROM : Dennis Kennelly Attorney    FAX NO. : 6504531784    05/12/2008 04:57PM    P1
05/12/2008 16:48 FAX 415 771 7010    LEONARD CARDER, LLP    001/001

Case 3:08-cv-00149-TEH    Document 40-3    Filed 05/12/2008    Page 10 of 12

| | |
|---|---|
| Discovery Cut-Off (Nonexpert): | December 19, 2008 |
| Designation of Experts: | January 30, 2009 |
| Motion Hearing Cut-Off: | March 9, 2009 |
| Final Pre-Trial Conference: | May 11, 2009 |
| Trial: | June 9, 2009 |

18. **Trial:**

Plaintiffs estimate a jury trial of 10 days (assuming 5-6 hours of Court time per day). Defendants estimate that a jury trial would require no more than six days.

19. **Disclosure of Non-party Interested Entities of Persons:**

On January 7, 2008, Plaintiffs filed their Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16. In Plaintiffs' Certification, they stated that, other than the named parties, there is no such interest to report.

Defendants are preparing their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16. Defendants will submit that all Longshore Division local unions of ILWU have a non-financial interest that could be substantially affected by the outcome of this proceeding.

Respectfully submitted,

DATED: May __, 2008        SULLIVAN TAKETA LLP

By: _____
Mark F. Sullivan
Lamdien T. Le
Attorneys for Plaintiffs

DATED: May __, 2008        LAW OFFICES OF DENNIS L. KENNELLY

By: _____
Dennis L. Kennelly
Attorneys for Plaintiffs

1 | DATED: May ___, 2008                    LEONARD CARDER, LLP

By: _____
Phil A Thomas
Attorneys for Defendant
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION

DATED: May 12, 2008                        HOLGUIN, GARFIELD & MARTINEZ, LLP

By: _____
John Kim
Attorneys for Defendant
INTERNTATIONAL LONGSHORE AND
WAREHOUSE UNION, LOCAL 13

DATED: May ___, 2008                       MORGAN, LEWIS & BOCKIUS LLP


By: _____
L. Julius M. Turman
Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION

| | |
|---|---|
| 1  DATED: May ___, 2008 | LEONARD CARDER, LLP |
| 2 | |
| 3 | |
| 4 | By: _____ |
|   | Phil A Thomas |
| 5 | Attorneys for Defendant |
|   | INTERNATIONAL LONGSHORE AND |
| 6 | WAREHOUSE UNION |
| 7 | |
| 8  DATED: May ___, 2008 | HOLGUIN, GARFIELD & MARTINEZ, LLP |
| 9 | |
| 10 | By: _____ |
| 11 | John Kim |
|    | Attorneys for Defendant |
| 12 | INTERNTATIONAL LONGSHORE AND |
|    | WAREHOUSE UNION, LOCAL 13 |
| 13 | |
| 14  DATED: May ___, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| 15 | |
| 16 | By: _____ |
| 17 | L. Julius M. Turman |
|    | Attorneys for Defendant |
| 18 | PACIFIC MARITIME ASSOCIATION |

10

**RULE 26(f) JOINT CASE MANAGEMENT STATEMENT**
Case No. CV-08-0119-TEH