# SULLIVAN TAKETA LLP

LAWYERS
31351 VIA COLINAS, SUITE 205
WESTLAKE VILLAGE, CALIFORNIA 91362
TELEPHONE (818) 889-2299
FACSIMILE (818) 889-4497

AUTHOR'S E-MAIL:
MARK.SULLIVAN@CALAWCOUNSEL.COM

August 25, 2008

**SUBMITTED FOR E-FILING**
**COPY DELIVERED BY E-MAIL**
**TO OPPOSING COUNSEL**

Hon. Thelton E. Henderson
United States District Judge
Courtroom 12, 19th Floor
Phillip Burton U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA  94102-3134

RE:    *Jose Ayala, et al. v. Pacific Maritime Association, et al.*
       USDC Case No. CV-08-0119 THE

## REQUEST FOR DISCOVERY DISPUTE CONFERENCE

Dear Judge Henderson:

On May 19, 2008, a status conference was held in this case in which the Court urged the parties to work towards settlement.  The Court advised that any disputes over necessary discovery should be handled informally by a telephone call directly to the Court.  We made that call this morning and file this letter per directions from Court Clerk Espinosa.

June 27, 2008, the parties met and conferred in person in an effort to settle the subject case.  That effort failed.  The ILWU stated its position that the plaintiffs will fail on the merits but did offer to let the plaintiffs take their case to the Coast Arbitrator (but without any assurance of any discovery.)  Plaintiffs believe that this case is meritorious and requested discovery to respond "on the merits."  To that end, several hours were spent creating a list of documents that plaintiffs believe would further support their case.  This list was orally delivered to defendants that date.  On July 2, 2008, the discovery list/demand was formalized in a letter, a copy of which is attached hereto as Exhibit 1.

The parties did agree to mediate with Judge Edward Infante, taking his only available date, September 2, 2008, with briefing due to him on Tuesday, August 26, 2008.  Until

# EXHIBIT "1"

# SULLIVAN TAKETA LLP

LAWYERS

31351 VIA COLINAS, SUITE 205
WESTLAKE VILLAGE, CALIFORNIA 91362
TELEPHONE (818) 889-2299
FACSIMILE (818) 889-4497

AUTHOR'S E-MAIL:
MARK.SULLIVAN@CALAWCOUNSEL.COM

July 2, 2008

**Via Facsimile and U.S. Mail**

L. Julius M. Turman, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126

Phil A. Thomas, Esq.
Leonard Carder LLP
1188 Franklin Street, Suite 201
San Francisco, California 94109

John Kim, Esq.
Holguin, Garfield & Martinez APLC
800 West Sixth Street, Suite 950
Los Angeles, CA 90017

RE:     *Jose Ayala, et al. v. Pacific Maritime Association, et al.*
        USDC Case No. CV-08-0119 THE

Dear Counsel:

This letter reiterates the categories of documents which my clients identified during our meeting last Friday (June 27th) as being necessary to conduct an effective mediation in this case while avoiding the need for costly formal discovery..  Since that meeting, we have identified a number of other relevant documents which I also list/discuss below.  If any of these requests are unduly burdensome, that is not our intent and we will be open to discussing alternatives to discovering the necessary information efficiently.

1.      ROSTER LISTS for the California, Oregon and Washington longshore division, clerks, and walking bosses/foremen for end of year (Dec. 31st or the last date available for each year) for 2001 through 2007.  As I explained by reference to one page of such a list, these are computer print outs made from PMA's records listing all ILWU members by local.  These are relevant because they show transfers.

RETIREMENTS, DEATHS, NAME CHANGES, RESIGNATIONS and DE-LISTINGS. To eliminate any ambiguities as to names that disappear from the ROSTER LISTS, we

L. Julius Turman, Esq.
Phil A. Thomas, Esq.
John Kim, Esq.

July 3, 2008
Page 2

would also like a print out as close to year end of the relevant years as possible of
retirements, deaths, name changes, resignations and de-listings for the relevant years.

2.    TRANSFERS TO/FROM LOCAL 13.  We request local union and
international union Executive Board and Labor Relations Committee minutes referencing
all transfers (or requests for transfers) to or from Local 13 from 2000 to the present.  This
request extends to minutes of the executive boards and LRCs at both the port from which
and to which transfer was sought.  This request extends, among other things, to transfers
and requests for transfer on hardship as well as on any other grounds.  If a vote of the
membership was taken or required at either the port from which or to which transfer was
sought, we request minutes referencing such vote.

SPECIFIC TRANSFERS:  One or more of the following transfers may be earlier than
2000.  If not otherwise included in the foregoing, we request the records and minutes of
the transfers of Dwight Flowers (Local 10 to Local 29); Joe Puga (Local 46 to Local 13),
Brian [Last Name Unknown] (Local 10 to Local 54); Vernon Jenkins (approximately
April, 1998) (Local 10 to Local 13); Anna Nuñez (Local 13 to Local 46);  Marcus Nuñez
(Local 46 to Local 13).

3.    ELEVATION RECORDS.  List(s) with names and ILWU registration
numbers of persons elevated on the Local 13 registration list from casual status to "B"
status and from "B" status to "A" status from 2001 to the present.  In Item 13, below, we
reference *Pacific Maritime Association v. Stacy Nolan, et al.*, Los Angeles Superior Court
Case No. BC 387301, a case in which PMA is alleging that one or more of its employees
were engaged in the fraudulent sales of Local 13 longshore registrations.  We specifically
request records showing the dates and details of the registrations alleged to have been
fraudulently sold and records reflecting whether any recipients of these allegedly
fraudulent registrations are still enjoying registered status in the Port of Los
Angeles/Long Beach.

4.    LOCAL 13 SECOND SHIFT EXECUTIVE BOARD MEETING
MINUTES JANUARY, 2002 to PRESENT.

5.    ANY DOCUMENT THAT REFLECTS OR REFERENCES A "BOOK
FOR BOOK" TRANSFER POLICY OR REQUIREMENT WITH RESPECT TO
TRANSFERS TO OR FROM THE PORT OF LOS ANGELES/LONG BEACH.

L. Julius Turman, Esq.
Phil A. Thomas, Esq.
John Kim, Esq.

July 3, 2008
Page 3

6.    ANY DOCUMENT THAT REFLECTS, REFERENCES.OR SUPPORTS DENIAL OF THE TRANSFER REQUESTED BY PLAINTIFFS AYALA, WHITTEN, PHILLIPS, TORRES, LINAREZ, STAFFORD or LAWTON.

7.    DISPATCH LOGS OR LISTS FOR CASUALS IN THE PORT OF LOS ANGELES/LONG BEACH FOR THE FOLLOWING DATES:  [To Be Provided Following Meeting With Clients RE-Scheduled to The Forthcoming Weekend.]

8.    ANY DOCUMENT THAT REFLECTS OR REFERENCES THE AUTHORITY OR POLICY (OR LACK THEREOF) FOR DISPATCHING REGISTERED LONGSHOREMEN IN ADVANCE OF CASUALS IN ANY PORT COVERED BY THE PACIFIC COAST LABOR CONTRACT DOCUMENT INCLUDING ITS SUPPLEMENTS AND MOUs..

Please note that this request expressly extends to (1) any NLRB Unfair Labor Practice charge(s) or court or agency complaints alleging that it is unlawful to grant priority in dispatching to registered longshoremen over casuals, and (2) any response thereto by the PMA, the international union or the ILWU local union(s) involved in the complaint.

9.    THE "POLICIES ESTABLISHED BY THE JOINT COAST LABOR RELATIONS COMMITTEE" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.12.

10.    THE "USUAL RULES" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.13.

11.    THE "PROCEDURES AND RULES THAT ARE APPLICABLE" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.4.

12.    DOCUMENTS DESCRIBING THE DUTIES AND RESPONSIBILITIES OF COAST COMMITTEEMEN.

13.    NEWLY DISCOVERED OTHER MATTER.  In addition to the above items discussed last Friday, we have since that meeting been advised of the proceedings in *Pacific Maritime Association v. Stacy Nolan, et al.*, Los Angeles Superior Court Case No. BC 387301.  We would appreciate receiving, without the need of a formal discovery request, local union and international union Executive Board and Labor Relations

L. Julius Turman, Esq.
Phil A. Thomas, Esq.
John Kim, Esq.

July 3, 2008
Page 4

Committee minutes addressing the matters alleged in this case, all non privileged statements and depositions made or taken in that case, all documents showing the date(s) and numbers of fraudulently sold books, and all statements or complaint(s) relating to the activities of Stacy Nolan and other co-conspirators made to the Los Angeles County District Attorney, to the NLRB or to the United States Attorney for the Central District of California.

Sincerely,
SULLIVAN TAKETA LLP

Mark F. Sullivan

MFS:mfs

Copy: Dennis L. Kennelly

# EXHIBIT "2"

# LEONARD CARDER, LLP

VICTORIA CHIN
LYNN ROSSMAN FARIS
SHAWN GROFF
KATE R HALLWARD
CHRISTINE HWANG
JENNIFER KEATING*
ARTHUR A. KRANTZ
PHILIP C. MONRAD
ELEANOR I. MORTON
ROBERT REMAR
MARGOT A. ROSENBERG
BETH A. ROSS
MATTHEW D. ROSS
JACOB F. RUKEYSER
PETER W. SALTZMAN
PHIL A THOMAS

▾ ADMITTED ALSO IN CANADA

PLEASE REFER TO OUR FILE NO.
    320-140

ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CA 94109

TELEPHONE: (415) 771-6400
FAX: (415) 771-7010

www.leonardcarder.com

NORMAN LEONARD
(1914-2006)

OF COUNSEL

WILLIAM H. CARDER
SANFORD N. NATHAN
RICHARD S. ZUCKERMAN

OAKLAND OFFICE
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169
FAX: (510) 272-0174

August 19, 2008

Mark F. Sullivan, Esq.
SULLIVAN TAKETA LLP
31351 Via Colinas
Suite 205
Westlake Village, CA 91362

Dennis Kennelly, Esq.
LAW OFFICES OF DENNIS KENNELLY
1030 Curtis
Suite 200
Menlo Park, CA 94025

RE:    **Ayala v. PMA, Responses to Document Requests**

Dear Mr. Sullivan and Mr. Kennelly:

Enclosed please find the International Longshore Workers Union ("ILWU"), the International Longshore Workers Union-Local 13 ("Local 13") and Pacific Maritime Association's ("PMA") (collectively "Defendants") responses to your July 2 and July 22, 2008 requests for documents required for mediation.

## GENERAL OBJECTIONS AND PRELIMINARY STATEMENT

The purpose of our mutual agreement for informal document request and exchange was to produce relevant documents to assist each party in preparation for mediation. Plaintiffs' requests go well beyond the agreed upon purpose of assisting in a mediation process. Plaintiffs' requests are not only unreasonable in terms of scope and time frame, but have caused a needless increase in the costs of this litigation. To this end, Defendants must limit their initial production of documents to a reasonable time frame and will produce documents only with respect to claimed liability stemming from the policy regarding transfers to the jurisdiction of Local 13; as such transfers are the only ones at issue in this litigation.

Further, Defendants assert the following general objections, whether or not separately set forth in response to each request:

DB2/20814823.1

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   2

1.    Defendants object to each and every request to the extent that the requests seek documents that are protected by the attorney-client privilege and/or the attorney work-product privilege. Defendants hereby claim the attorney-client privilege and invoke the attorney work-product doctrine for any and all information protected by the attorney-client privilege and/or the attorney work-product doctrine.

2.    Defendants object to the requests to the extent they are unduly burdensome and serve no purpose but to harass, vex, and annoy defendants, and needlessly increase the costs of litigation. The requests are duplicative and cumulative in nature.

3.    Defendants object to each and every request to the extent that the requests seek documents that cannot be disclosed without violating the right of privacy of Defendants, their agents and/or employees, and/or any other person or entity that is otherwise privileged or immune from discovery.

4.    Defendants object to each and every request to the extent that the requests seek disclosure of confidential or proprietary information, including, but not limited to, commercial, financial, or other trade secret information.

5.    Defendants object to each and every request to the extent that the requests seek information for a time period that is overly broad and/or encompasses dates irrelevant to this action, until such time as Plaintiffs demonstrate the relevance of the specified time period.

6.    Defendants' responses to these requests are not admissions that any information requested is relevant or admissible evidence. Defendants reserve the right to object to the admission of any information on any grounds.

7.    Defendants object to these requests to the extent that they attempt to impose response obligations beyond those imposed by law.

8.    Inadvertent disclosure of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other grounds for objecting to discovery, or the right to object to the use of any such information in any subsequent proceeding.

9.    Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

DB2/20814823.1

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   3

## DEFENDANTS RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1A:

ROSTER LISTS for the California, Oregon and Washington longshore division, clerks, and walking bosses/foremen for end of year (Dec. 31st or the last date available for each year) for 2001 through 2007. As I explained by reference to one page of such a list, these are computer print outs made from PMA's records listing all ILWU members by local. These are relevant because they show transfers.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1A:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Defendants will produce the roster lists for Local 13 at the Ports of Los Angeles/Long Beach and for Local 10 at the Port of San Francisco, for the years ending in 2004 through the present. Plaintiffs' requests for roster lists from other non-longshore workers Locals and for transfers to Ports other than Los Angeles/Long Beach are not relevant to this litigation. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

### REQUEST FOR PRODUCTION NO. 1B:

RETIREMENTS, DEATHS, NAME CHANGES, RESIGNATIONS and DE-LISTINGS. To eliminate any ambiguities as to names that disappear from the ROSTER LISTS, we would also like a print out as close to year end of the relevant years as possible of retirements, deaths, name changes, resignations and de-listings for the relevant years.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1B:

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   4

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further incorporate the response to Request No. 1A above, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendants' roster lists shall include retirements, deaths, resignations, and de-listings to the extent possible. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 2A:

TRANSFERS TO/FROM LOCAL 13. We request local union and international union Executive Board and Labor Relations Committee minutes referencing all transfers (or requests for transfers) to or from Local 13 from 2000 to the present. This request extends to minutes of the executive boards and LRCs at both the port from which and to which transfer was sought. This request extends, among other things, to transfers and requests for transfer on hardship as well as on any other grounds. If a vote of the membership has taken or required at either the port from . which or to which transfer was sought, we request minutes referencing such vote.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2A:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the . grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants will produce any and all minutes of the Joint Port Labor Relations Committee of Los Angeles ("JPLRC") and the Joint Coast Labor Relations Committee ("JCLRC") in their possession regarding requests for transfer to the jurisdiction of Local 13 at the ports of Los Angles/Long Beach from January 1, 2004 to the present. ILWU Executive Board Minutes, Local 13 Executive Board Minutes, requests for transfers not governed by Supplement I to the PCLCD, requests for transfers from the ports of Los Angeles/Long Beach, and requests for transfers to or from the jurisdictions of other Locals are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and will not be produced, as transfer requests are reviewed at the JPLRC meetings and

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   5

memorialized in Committee minutes. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 2B:

SPECIFIC TRANSFERS: One or more of the following transfers may be earlier than 2000. If not otherwise included in the foregoing, we request the records and minutes of the transfers of Dwight Flowers (Local 10 to Local 29); Joe Puga (Local 46 to Local 13), Brian [Last Name Unknown] (Local 10 to Local 54); Vernon Jenkins (approximately April, 1998) (Local 10 to Local 13); Ana Nuñez (Local 13 to Local 46; Marcus Nuñez (Local 46 to Local 13).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2B:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further incorporate the response to Request No. 2A above, as if fully set forth herein. Defendants object because portions of the request are vague and ambiguous, such as the request regarding Brian [LNU].

Subject to and without waiving the foregoing objections, Defendants respond as follows: There are no JCLRC minutes responsive to this request. LA/LB JPLRC minutes reflecting the transfer of Dwight Flowers or Vernon Jenkins are not relevant nor are they calculated to lead to admissible evidence because they do not reflect a transfer to Local 13. There are no LA/LB JPLRC minutes reflecting the transfer Joe Puga from Local 46 to Local 13. However, there are LA/LB JPLRC minutes reflecting the transfer of Jess Puga to Local 13, which will be produced, along with the LA/LB JPLRC minutes reflecting the transfer request of Marcus Nuñez and the reciprocal transfer of Ana Nuñez. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 3:

ELEVATION RECORDS. List(s) with names and ILWU registration numbers of persons elevated on the Local 13 registration list from casual status to "B" status and from "B" status to "A" status from 2001 to the present. In Item 13, below, we reference Pacific Maritime Association v. Stacy Nolan, et al., Los Angeles Superior Court Case No. BC 387301, a case in which PMA is alleging that one or more of its employees were engaged in the fraudulent sales of Local 13 longshore registrations. We specifically request records showing the dates and details of the registrations alleged to have been fraudulently sold and records reflecting whether any

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page  6

recipients of these allegedly fraudulent registrations are still enjoying registered status in the Port of Los Angeles/Long Beach.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

## REQUEST FOR PRODUCTION NO. 4:

LOCAL 13 SECOND SHIFT EXECUTIVE BOARD MEETING MINUTES JANUARY, 2002 to PRESENT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

## REQUEST FOR PRODUCTION NO. 5:

ANY DOCUMENT THAT REFLECTS OR REFERENCES A "BOOK FOR BOOK" TRANSFER POLICY OR REQUIREMENT WITH RESPECT TO TRANSFERS TO OR FROM THE PORT OF LOS ANGELES/LONG BEACH.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   7

and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendant further objects to the request as it is duplicative and cumulative to Request No. 2A. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendant shall produce all LA/LB JPLRC minutes reflecting transfers to the jurisdiction of Local 13 from January 1, 2004 to the present. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 6:

ANY DOCUMENT THAT REFLECTS, REFERENCES, OR SUPPORTS DENIAL OF THE TRANSFER REQUESTED BY PLAINTIFFS AYALA, WHITTEN, PHILLPS, TORRES, LINAREZ, STAFFORD or LAWTON.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request as duplicative and needlessly cumulative with prior requests. Defendants further object as the information is equally or more available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendant shall produce any and all responsive documents. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 7:

DISPATCH LOGS OR LISTS FOR CASUALS IN THE PORT OF LOS ANGELES/LONG BEACH FOR THE FOLLOWING DATES: [To Be Provided Following Meeting With Clients RE-Scheduled to The Forthcoming Weekend.]

Mr. Sullivan and Mr. Kennelly
RE:     Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   8

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce any documents that can be shown to be relevant, once Plaintiffs provide the specified dates. Defendants will produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 8A:

ANY DOCUMENT THAT REFLECTS OR REFERENCES THE AUTHORITY OR POLICY (OR LACK THEREOF) FOR DISPATCHING REGISTERED LONGSHOREMEN IN ADVANCE OF CASUALS IN ANY PORT COVERED BY THE PACIFIC COAST LABOR CONTRACT DOCUMENT INCLUDING ITS SUPPLEMENTS AND MOUs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8A:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object as the information is equally or more available to Plaintiffs. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Dispatching procedures are governed by the PCLCD, a copy of which is already in Plaintiffs' possession, and by Local 13 dispatching rules, a copy of which will be produced. Defendants

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   9

produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 8B:

Please note that this request expressly extends to (1) any NLRB Unfair Labor Practice charge(s) or court or agency complaints alleging that it is unlawful to grant priority in dispatching to registered longshoremen over casuals, and (2) any response thereto by the PMA, the international union or the ILWU local union(s) involved in the complaint

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8B:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation. Defendants further object as the information is equally or more available to Plaintiffs because the request appears to be for documents that are matters of public record and accessible by Plaintiffs through diligent research.

## REQUEST FOR PRODUCTION NO. 9:

THE "POLICIES ESTABLISHED BY THE JOINT COAST LABOR RELATIONS COMMITTEE" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.12.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object as the

Mr. Sullivan and Mr. Kennelly
RE:     Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   10

information is equally or more available to Plaintiffs. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants are aware of no documents responsive to this request. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 10:

THE "USUAL RULES" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.13.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendant further objects to the request as it is duplicative and cumulative to Request No. 5. Defendants further object as the information is equally or more available to Plaintiffs. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce any and all responsive documents. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 11:

THE "PROCEDURES AND RULES THAT ARE APPLICABLE" REFERENCED IN PCLCD SUPPLEMENT I, PARAGRAPH 1.4.

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   11

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object as the information is equally or more available to Plaintiffs. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce any and all responsive documents. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS DESCRIBING THE DUTIES AND RESPONSIBILITIES OF COAST COMMITTEEMEN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object as the information is equally or more available to Plaintiffs. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce any and all responsive documents. Defendants produce this information subject to the parties' informal agreement that the material is confidential and proprietary and shall not be used or disclosed in any other litigation or matter. Defendants

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page   12

reserve the right to supplement this response, as discovery is on-going and may yield additional responsive documents.

## REQUEST FOR PRODUCTION NO. 13:

NEWLY DISCOVERED OTHER MATTER. In addition to the above items discussed last Friday, we have since that meeting been advised of the proceedings in Pacific Maritime Association v. Stacy Nolan, et al., Los Angeles Superior Court Case No. BC 387301. We would appreciate receiving, without the need of a formal discovery request, local union and international union Executive Board and Labor Relations Committee minutes addressing the matters alleged in this case, all non privileged statements and depositions made or taken in that case, all documents showing the date(s) and numbers of fraudulently sold books, and all statements or complaint(s) relating to the activities of Stacy Nolan and other co-conspirators made to the Los Angeles County District Attorney, to the NLRB or to the United States Attorney for the Central District of California.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work-product doctrine. Defendants further object to this request to the extent it seeks information protected by any third party's right to privacy. Defendants further object as some of the information is equally or more available to Plaintiffs because the request appears to be for documents that are matters of public record and accessible by Plaintiffs through diligent research. Defendants further object to this request on the grounds that it is unduly burdensome and serves no purpose but to harass, vex, and annoy defendants and needlessly increase the costs of the litigation.

## REQUEST FOR PRODUCTION NO. 14:

Hour and Wage Detail by Payroll Week reports for Plaintiffs Ayala, Linares and Torres [date unspecified but appears to be from 2002 to the present].

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Defendants hereby incorporate the preliminary statement and general objections, as if fully set forth herein. Defendants further object to this request on the grounds that it is vague and ambiguous including, but not limited to, the time frame. Defendants further object to this request to the extent it is overbroad and seeks information which is neither relevant to the subject

Mr. Sullivan and Mr. Kennelly
RE:    Ayala v PMA, Response to Documents Requests
Dated: August 19, 2008
Page · 13

matter nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object as the information is equally or more available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants will produce the Hour and Wage Detail by Payroll Week report for each of the seven Plaintiffs for the time period of January 1, 2002 through August 1, 2008.

****************

Please note: Defendants await production of any and all documents reflecting damages allegedly incurred by Plaintiffs, any and all documents evidencing Plaintiffs' alleged right to transfer, and any and all documents reflecting costs allegedly incurred in this litigation.

Plaintiffs have also promised a preliminary breakdown of their settlement demands. We look forward to receiving this material as soon as possible.

Very truly yours,


___/s/ Phil A. Thomas___        ___/s/ John Kim___        ___/s/ L. Julius M. Turman___
Phil A. Thomas                  John Kim                  L. Julius M. Turman
Counsel for ILWU                Counsel for ILWU-Local 13 Counsel for PMA

# EXHIBIT "3"

# SULLIVAN TAKETA LLP

LAWYERS
31351 VIA COLINAS, SUITE 205
WESTLAKE VILLAGE, CALIFORNIA 91362
TELEPHONE (818) 889-2299
FACSIMILE (818) 889-4497

AUTHOR'S E-MAIL:
MARK.SULLIVAN@CALAWCOUNSEL.COM

August 24, 2008

**Via E-Mail and U.S. Mail**

L. Julius M. Turman, Esq.
Morgan Lewis & Bockius
LLP
One Market, Spear Street
Tower
San Francisco, California
94105-1126

John Kim, Esq.
Holguin, Garfield &
Martinez APLC
800 West Sixth Street,
Suite 950
Los Angeles, CA 90017

Phil A. Thomas, Esq.
Leonard Carder LLP
1188 Franklin Street, Suite
201
San Francisco, California
94109

RE:    *Jose Ayala, et al. v. Pacific Maritime Association, et al.*
       USDC Case No. CV-08-0119 THE

## NOTICE OF REQUEST FOR DISCOVERY CONFERENCE
## WITH THE COURT

Dear Counsel:

We are a week away from mediation with Judge Infante and received the defendants'
response to plaintiffs' July 2, 2008 document production on Friday afternoon, August 23,
2008. We were disappointed to see that it is principally objections. A mediation brief is
due to Judge Infante on Tuesday but will have to be drafted in generalities due to the
withholding of discovery that, up until Friday, we thought would be coming.

At the May 19, 2008 status conference, Judge Henderson instructed the parties to conduct
discovery on a good faith, voluntary basis and with a view towards settling this case with
a minimum of further litigation. As you will recall, the judge *instructed us* to call him if
voluntary cooperation failed and discovery was obstructed or refused.

In mid-July, Defendants insisted that these working men plaintiffs pay one-half of the
costly mediation fee on the premise that the ILWU would not agree to mediate on any
term other than a 50/50 split treating the employer and union defendants as one party.
We believed this was an oppressive demand, having three deep pocket, separately-

L. Julius Turman, Phil A. Thomas, John Kim
August 24, 2008
Page 2

represented entities demanding a discounted share of the mediator's fee but we agreed to save the mediation date by paying this unfair split of the fee, taking solace in the expectation that there would be a good faith, productive mediation. Defendants' last minute stonewalling of the voluntary discovery process now leaves us without the documents that would allow Judge Infante to realistically assess the liability exposure in this case.

Accordingly, we believe a call will have to be made to Judge Henderson as soon as possible and propose calling his office tomorrow morning to get on his calendar at the earliest time this week. We do not waive our right to all of the categories of documents we requested in our July 2, 2008 letter and will press for the same if this case does not settle. However, we believe Judge Henderson's ruling is necessary on the following discovery that will be necessary to Judge Infante's evaluation of the case.

First, we note that we asked for rosters from 2001 to the present for all of the West Coast locals so that we could track how transfers have been handled by and between all of the locals under the same PCLCD collective bargaining agreement. This is computer-generated information and not burdensome. Comparing Local 13's practices to the practices of the Locals in Seattle, Tacoma, Portland, Stockton and San Diego is the best evidence whether Local 13 is or is not applying the CBA consistent with the union constitution and mainstream understanding of Locals other than Local 13. Your production is limited to rosters of Local 10 (San Francisco) and of Local 13 (Los Angeles – Long Beach) and excludes on the grounds of alleged "irrelevance" rosters showing how transfers were handled outside of the context of transfers from Local 10 into Local 13. Thus, you are only giving us documentation on Local 13's discrimination against Local 10 members which plaintiffs already know is long-standing. You are refusing discovery as to how the same PCLCD (the CBA) is applied in the case of other transfers, including those of Local 13 members transferring to Local 10 or to other West Coast ports. You also have not produced Local 10 and Local 13 rosters for periods prior to year end 2004. Plaintiffs first started trying to be transferred in 2001. Further, this time limitation excludes documentation relating to transfers from periods prior to the mass registrations of new longshore employees in Los Angeles in the 3rd and 4th Qtr. 2004. It is highly relevant to plaintiffs' claims that they were denied transfers even during the labor shortage before the mass "elevations".

Second, we note that you have also withheld on the basis of alleged "irrelevance" the policy statement documents that would be most relevant to liability in this case, i.e., the issue whether ILWU Local 13 is violating the seniority rights of the plaintiffs. Specifically, you assert in response to Request No. 2A that:

L. Julius Turman, Phil A. Thomas, John Kim
August 24, 2008
Page 3

> "ILWU Executive Board Minutes, Local 13 Executive Board Minutes, requests for
> transfers not governed by Supplement I to the PCLCD, requests for transfers from
> the ports of Los Angeles/Long Beach and requests for transfers to or from the
> jurisdictions of other Locals are not relevant nor reasonably calculated to lead to
> the discovery of admissible evidence, and will not be produced as transfer requests
> are reviewed at the JPLRC meetings and memorialized in Committee minutes."

Specifically, you have produced a handful of minutes of the Local 13 – PMA local port
committee denying transfers into Local 13 based on the alleged need for a "book-for-
book" transfer but you have not produced any *policy-making* documents reflecting the
origins or alleged authority for this policy. You have asserted (in response to Requests
2A, 4, 6) that minutes of the policy-making ILWU and Local 13 Executive Boards are off
limits to production because they are not relevant. It is circular and self-serving to refuse
discovery on transfers unilaterally labeled as not being governed by Supplement I to the
PCLCD. That's precisely the problem: Local 13 applies its restrictive interpretation of
Supplement I to those it disfavors while others get a different deal.

Third, we asked for the decision-making/policy documents in several specific cases that
plaintiffs knew about (Dwight Flowers, Jess Puga, Vernon Jenkins, Ana Nunez and
Marcus Nunez). You produced minutes on the Nunez – Nunez transfers as they were
allegedly "book-for-book" but withheld the others as not being relevant. In other words,
you are refusing discovery on transfers not conforming to your position which are
precisely the ones plaintiffs need to demonstrate.

Fourth, by our own efforts we have learned about the criminal investigation over
corruption in the sale of books in the Port of Los Angeles – Long Beach that is now the
topic of a civil action, Pacific Maritime association v. Stacy Nolan, et al., Los Angeles
Superior Court Case No. BC 387301. We asked for details as to the registrations
("books") discovered as having been fraudulently issued, as well as copies of depositions
in that case. You have refused that production as well. Please let me know if there are
any periods of time this coming week when you will not be available for a conference
with Judge Henderson.

Sincerely,
SULLIVAN TAKETA LLP

Mark F. Sullivan

Copy: Dennis L. Kennelly

# EXHIBIT "4"

## Mark Sullivan

| | |
|---|---|
| **From:** | L. Julius M. Turman [jturman@morganlewis.com] |
| **Sent:** | Monday, August 25, 2008 5:05 AM |
| **To:** | Mark Sullivan |
| **Cc:** | jkim; pthomas |
| **Subject:** | Re: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections |

```
Mark,

Defendants will be submitting a confidential brief to Judge Infante.  As such, we
request that Plaintiffs not share your mediation brief with us and that you submit
your brief to Judge Infante on a confidential basis as well.

Please let me know if this raises an issue for you.
-----------------
Sent from my BlackBerry Handheld.
```

```
    ----- Original Message -----
    From: "Mark Sullivan" [mark.sullivan@calawcounsel.com]
    Sent: 08/24/2008 10:07 PM MST
    To: L. Julius Turman
    Cc: jkim" <jkim@holgar.com>; pthomas" <pthomas@leonardcarder.com>
    Subject: RE: Request For Telephone Conference With Judge Henderson Re:
Defendants' Discovery Objections
```

Julius:

On June 27th, in keeping with Judge Henderson's directive to have expedited settlement discussions, Dennis Kennelly and I met & conferred with defense counsel in person at your office in San Francisco thinking we were there to comply with Judge Henderson's directive for early settlement talks. Defense counsel, particularly Phil Thomas, made it clear that, contrary to what plaintiffs thought, they were not there to discuss settlement and were only there to discuss discovery. Accordingly, I orally outlined the documents we needed. Mr. Thomas requested that I put it in writing. On July 2, 2008, I complied with his request . No objections or requests to meet and confer were made in response to my letter. Accordingly, we assumed that the discovery would be forthcoming. This anticipation of compliance with Judge Henderson's directive was a major factor in plaintiffs' begrudging agreement to comply, under protest, with Mr. Thomas' demand that plaintiffs' pay what we considered to be an unfair allocation of the mediator's fee.

Defendants requested a protective order stipulation last week and we promptly agreed. On Friday, we received boiler plate objections on "relevancy" grounds and the highly limited discovery discussed in my letter sent earlier today, copy attached. With only 8 days until mediation and briefs due to Judge Infante on Tuesday, and with discovery being withheld on patently improper "relevancy" objections, we do not believe further meeting and conferring is required.

Mark Sullivan

-----Original Message-----
**From:** L. Julius M. Turman [mailto:jturman@morganlewis.com]
**Sent:** Sunday, August 24, 2008 4:09 PM
**To:** Mark Sullivan
**Cc:** jkim; pthomas
**Subject:** Re: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections

Mark,

I will not arrive back in SF until after 2pm on Monday, but will be available for a conference thereafter.  Please note that although we have not engaged in formal discovery, I do believe that you still have a duty to meet and confer before seeking judicial intervention.

Julius
------------------
Sent from my BlackBerry Handheld.

----- Original Message -----
**From:** "Mark Sullivan" [mark.sullivan@calawcounsel.com]
**Sent:** 08/24/2008 03:06 PM MST
**To:** L. Julius Turman
**Cc:** jkim@holgar.com; pthomas@leonardcarder.com
**Subject:** Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections

Dear Counsel:

Please see the attached letter.  Plaintiffs believe a conference with Judge Henderson is necessary in light of the objections and limited discovery production received on Friday.

**Mark F. Sullivan**
**SULLIVAN TAKETA LLP**
31351 Via Colinas, Suite 205
Westlake Village, CA 91362
tel (818) 889-2299
fax (818) 889-4497
mark.sullivan@calawcounsel.com
www.calawcounsel.com

**CONFIDENTIALITY NOTICE**
*This communication (and/or the files or documents accompanying it) may contain privileged or other confidential information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received it in error, please advise the sender by reply e-mail and immediately delete the message and any attachments without copying or disclosing the contents.*

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of the company. Warning: Although precautions have been taken to make sure no viruses are present in this email, the company cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT "5"

## Mark Sullivan

**From:** Phil Thomas [pthomas@leonardcarder.com]
**Sent:** Monday, August 25, 2008 9:14 AM
**To:** Mark Sullivan; L. Julius M. Turman
**Cc:** jkim
**Subject:** RE: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections

Mark:

Before you go blaming me for something, you might try to get your story straight. In your attached letter (and contrary to your email below), you write "At the May 19, 2008 status conference, Judge Henderson instructed the parties to conduct discovery on a good faith, voluntary basis and with a view towards settling this case with a minimum of further litigation." Defendants went to the June 27 meeting with the intention of doing just that. We asked you for evidence to support your damage claims, whereupon you and Dennis attempted to convert the conversation into settlement discussions. I tried repeatedly to make it clear to you that Defendants would not be making any monetary settlement offers, both because that was not the purpose of the meeting and because we believe your case fails on the merits.

Regarding the mediator's fee—I'm sure you're aware that in this country each party is responsible for his/her own litigation costs absent a fee-shifting statute or agreement, or judicially imposed sanctions. Perhaps you should have explained this to your clients before you turned down our offer to let them present their case to the Coast Arbitrator for free.

Phil A Thomas, Esq.
Leonard, Carder LLP
1188 Franklin Street, Suite 201
San Francisco, CA. 94109
Phone (415) 771-6400
Fax (415) 771-7010

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Leonard Carder, LLP reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** Mark Sullivan [mailto:mark.sullivan@calawcounsel.com]
**Sent:** Sunday, August 24, 2008 10:07 PM
**To:** L. Julius M. Turman
**Cc:** jkim; Phil Thomas
**Subject:** RE: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections

Julius:

On June 27th, in keeping with Judge Henderson's directive to have expedited settlement discussions, Dennis Kennelly and I met & conferred with defense counsel in person at your office in San Francisco thinking we were there to comply with Judge Henderson's directive for early settlement talks. Defense counsel, particularly Phil Thomas, made it clear that, contrary to what plaintiffs thought, they were not there to discuss settlement and were only there to discuss discovery. Accordingly, I orally outlined the documents we needed. Mr. Thomas requested that I put it in writing. On July 2, 2008, I complied with his request . No objections or requests to meet and confer were made in response to my letter. Accordingly, we assumed that the discovery would be forthcoming. This anticipation of compliance with Judge Henderson's directive was a major factor in plaintiffs' begrudging agreement to comply, under protest, with Mr. Thomas' demand that plaintiffs' pay what we considered to be an unfair allocation of the mediator's fee.

Defendants requested a protective order stipulation last week and we promptly agreed. On Friday, we received boiler plate objections on "relevancy" grounds and the highly limited discovery discussed in my letter sent earlier today, copy attached. With only 8 days until mediation and briefs due to Judge Infante on Tuesday, and with discovery being withheld on patently improper "relevancy" objections, we do not believe further meeting and conferring is required.

Mark Sullivan

> -----Original Message-----
> **From:** L. Julius M. Turman [mailto:jturman@morganlewis.com]
> **Sent:** Sunday, August 24, 2008 4:09 PM
> **To:** Mark Sullivan
> **Cc:** jkim; pthomas
> **Subject:** Re: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections
>
> Mark,
>
> I will not arrive back in SF until after 2pm on Monday, but will be available for a conference thereafter. Please note that although we have not engaged in formal discovery, I do believe that you still have a duty to meet and confer before seeking judicial intervention.
>
> Julius
> -----------------
> Sent from my BlackBerry Handheld.
>
> ------------------------------------------------------------------
>
> ----- Original Message -----
> From: "Mark Sullivan" [mark.sullivan@calawcounsel.com]
> Sent: 08/24/2008 03:06 PM MST
> To: L. Julius Turman
> Cc: jkim@holgar.com; pthomas@leonardcarder.com
> Subject: Request For Telephone Conference With Judge Henderson Re: Defendants' Discovery Objections

Dear Counsel:

Please see the attached letter.  Plaintiffs believe a conference with Judge Henderson is necessary in light of the objections and limited discovery production received on Friday.

**Mark F. Sullivan**
**SULLIVAN TAKETA LLP**
31351 Via Colinas, Suite 205
Westlake Village, CA 91362
tel (818) 889-2299
fax (818) 889-4497
mark.sullivan@calawcounsel.com
www.calawcounsel.com

**CONFIDENTIALITY NOTICE**
*This communication (and/or the files or documents accompanying it) may contain privileged or other confidential information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution o the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received it in error, please advise the sender by reply e-mail and immediately delete the message and any attachments without copying or disclosing the contents.*

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of the company. Warning: Although precautions have been taken to make sure no viruses are present in this email, the company cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.