1  MARK F. SULLIVAN, State Bar No. 111011
   LAMDIEN T. LE, State Bar No. 185331
2  SULLIVAN TAKETA LLP
   31351 Via Colinas, Suite 205
3  Westlake Village, California 91362-3755
   Telephone: (818) 889-2299
4  Facsimile: (818) 889-4497
   E-mail:    mark.sullivan@calawcounsel.com
5             dien.le@calawcounsel.com

6  DENNIS L. KENNELLY, State Bar No. 064916
   LAW OFFICES OF DENNIS L. KENNELLY
7  1030 Curtis Street, Suite 200
   Menlo Park, California 94025
8  Telephone: (650) 853-1291
   Facsimile: (650) 854-7839
9  E-mail:    secretarymim@aol.com

10  Attorneys for Plaintiffs

11

12            **UNITED STATES DISTRICT COURT**

13       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15  JOSÉ AYALA, DEANDRE            Case No.:  CV-08-0119-TEH
    WHITTEN, LEROY PHILLIPS,
    GONZALO TORRES, JOSE          [Complaint Filed:  January 7, 2008]
16  LINAREZ, KIMANI STAFFORD,
    AND JOSEPH LAWTON,            **PLAINTIFFS' FURTHER CASE**
17  individuals,                  **MANAGEMENT CONFERENCE**
                                  **STATEMENT**
18            Plaintiffs,
                                  DATE:      September 15, 2008
19  vs.                          TIME:      1:30 p.m.
                                  CTRM:      12
20  PACIFIC MARITIME
    ASSOCIATION, a California
21  corporation; INTERNATIONAL
    LONGSHORE AND WAREHOUSE
22  UNION, a labor organization; and
    INTERNATIONAL LONGSHORE
23  AND WAREHOUSE UNION,
    LOCAL 13, a labor organization; and
24  DOES 1 through 10,

25            Defendants.

26

27  TO THE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

28

1    On September 7, 2008, Plaintiffs' counsel e-mailed the proposed Joint Statement

2  for Further Case Management Conference to all defense counsel, requesting their input

3  no later than 2:00 p.m. on September 8, 2008, so that the Joint Statement could be e-

4  filed by the close of business on September 8.  Attached hereto as Exhibit "A" is a true

5  and correct copy of Plaintiffs' counsel's e-mail.  At about 10:00 a.m. or thereabouts,

6  counsel for the PMA and Plaintiffs' counsel discussed a reference to separate settlement

7  discussions and that was deleted.  At about 2:45 p.m. or thereabouts, counsel for the

8  ILWU telephoned and explained that he had multiple issues with Plaintiffs' proposal,

9  but was most concerned about the description of a June 27, 2008, meeting of the parties'

10  counsel.  Plaintiffs' counsel amended that description to address counsel's issue.

11  However, counsel for the ILWU indicated that they could not address all of their other

12  issues with the proposal and, therefore, would file a separate statement.  Accordingly, in

13  order to comply with the Court's schedule for this filing, Plaintiffs' counsel have

14  attached as Exhibit "B" Plaintiffs' [Proposed] Joint Further Case Management

15  Conference Statement, amended to reflect the conversation with counsel for the ILWU.

16    On September 5, 2008, after Plaintiffs were informed (at the September 2, 2008,

17  mediation) that their transfer requests had been unilaterally submitted to the Joint Port

18  Labor Relations Committee ("JPLRC") and Joint Coast Labor Relations Committee

19  ("JCLRC").  Plaintiffs' sent a letter via certified mail to these committees protesting

20  what Plaintiffs perceive to be a circumvention of this Court's order.  Because the status

21  of these collateral proceedings are apparently going to be a factor in the litigation of this

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1   case, Plaintiffs attach as Exhibit "C" a true and correct copy of Plaintiffs' counsel's

2   certified letter, which was also faxed to all Defendants' counsel.

3                                                  Respectfully submitted,

4   DATED:  September 8, 2008                      SULLIVAN TAKETA LLP

5

6

7                                       By:  _____
                                             Mark F. Sullivan
8                                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**
**Case No. CV-08-0119-TEH**

# EXHIBIT "A"

## Mark Sullivan

| | |
|---|---|
| **From:** | Mark Sullivan |
| **Sent:** | Sunday, September 07, 2008 10:28 PM |
| **To:** | 'L. Julius M. Turman'; Phil Thomas; John Kim; secretarymim@aol.com |
| **Subject:** | Statement for Further CMC -- Ayala v PMA, et al. |
| **Importance:** | High |

Counsel:

I attach as a Microsoft Word document Plaintiffs' Proposed Statement For the Further Case Management Conference set for Sept. 15, 2008. Under the Court's Order of May 19, 2008, this must be filed tomorrow. Plaintiffs would prefer to submit a JOINT STATEMENT as that is preferred under the Court's rules.

Please e-mail the Defendants' input for the attached proposed statement no later than 2:00 PM tomorrow. If Plaintiffs do not receive a response by that time, we will amend the attached statement to reflect that it is the Plaintiffs' statement (and not joint) and will file it as so amended.

**Mark F. Sullivan**
**SULLIVAN TAKETA LLP**
31351 Via Colinas, Suite 205
Westlake Village, CA 91362
tel (818) 889-2299
fax (818) 889-4497
mark.sullivan@calawcounsel.com
www.calawcounsel.com

**CONFIDENTIALITY NOTICE**
*This communication (and/or the files or documents accompanying it) may contain privileged or other confidential information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received it in error, please advise the sender by reply e-mail and immediately delete the message and any attachments without copying or disclosing the contents.*

# EXHIBIT "B"

MARK F. SULLIVAN, State Bar No. 111011
LAMDIEN T. LE, State Bar No. 185331
SULLIVAN TAKETA LLP
31351 Via Colinas, Suite 205
Westlake Village, California 91362-3755
Telephone: (818) 889-2299
Facsimile: (818) 889-4497
E-mail:      mark.sullivan@calawcounsel.com
             dien.le@calawcounsel.com

DENNIS L. KENNELLY, State Bar No. 064916
LAW OFFICES OF DENNIS L. KENNELLY
1030 Curtis Street, Suite 200
Menlo Park, California 94025
Telephone: (650) 853-1291
Facsimile:  (650) 854-7839
E-mail:      secretarymim@aol.com

Attorneys for Plaintiffs


**(Additional Counsel listed on next page)**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSÉ AYALA, DEANDRE WHITTEN, LEROY PHILLIPS, GONZALO TORRES, JOSÉ LINAREZ, KIMANI STAFFORD, AND JOSEPH LAWTON, individuals,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>PACIFIC MARITIME ASSOCIATION, a California corporation; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, a labor organization; and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 13, a labor organization; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No.:  CV-08-0119-TEH<br><br>[Complaint Filed:  January 7, 2008]<br><br>**[PROPOSED] JOINT STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE**<br><br>DATE:　　　Sept. 15, 2008<br>TIME:　　　1:30 p.m.<br>CTRM:　　　12 |

ROBERT S. REMAR (SBN 100124)
PHIL A. THOMAS (SBN 248517)
LEONARD, CARDER, LLP
1188 Franklin St., Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415) 771-7010
E-mail:   rremar@leonardcarder.com
          pthomas@leonardcarder.com

*Attorneys for Defendant*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION


STEVEN R. HOLGUIN (SBN 115768)
JOHN KIM (SBN 232957)
HOLGUIN & GARFIELD, LLP
800 West Sixth Street, Ste. 950
Los Angeles, CA 90048
Tel: (213) 623-0170 / Fax: (213) 623-0171
E-mail:   sholguin@holgar.com
          jkim@holgar.com

*Attorneys for Defendant*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 13


CLIFFORD D. SETHNESS (SBN 212975)
JASON M. STEELE (SBN 223189)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: (213) 612-2500 / Fax: (213) 612-2501
E-mail:   csethness@morganlewis.com
          jsteele@morganlewis.com

*Attorneys for Defendant*
PACIFIC MARITIME ASSOCIATION


TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:

   Pursuant to the Court's Order of May 19, 2008, Plaintiffs Jose Ayala, Deandre Whitten,

Leroy Phillips, Gonzalo Torres, Jose Linarez, Kimani Stafford, and Joseph Lawton, and

Defendants Pacific Maritime Association (PMA), International Longshore and Warehouse

Union (ILWU), and International Longshore and Warehouse Union, Local 13 (Local 13),

through their respective counsel of record file this Further Case Management Conference

1  Statement, based upon the joint conference of counsel held in San Francisco on June 27, 2008

2  and the further mediation conference held on September 2, 2008, before the Honorable Edward

3  A. Infante, United States Magistrate Judge (Retired).

4

5  1.    **Jurisdiction and Service:**

6         The Court has subject matter jurisdiction over Plaintiffs' claims under section 301 of the

7  Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* and under section 102 of the Labor-

8  Management Reporting and Disclosure Act, 29 U.S.C. § 412.  All the parties have been

9  properly served and there are no issues regarding personal jurisdiction or venue.

10

11 2.    **Facts:**

12        Defendants ILWU and PMA are parties to a collective bargaining agreement known as

13 the Pacific Coast Longshore Contract Document ("PCLCD").  The PCLCD permits longshore

14 workers to transfer from one location to another if certain conditions are met and certain

15 procedures are followed.  Plaintiffs are longshore workers registered under the jurisdiction of

16 ILWU Local 10 in the San Francisco Bay area.  Plaintiffs seek by this action to transfer to the

17 jurisdiction of Defendant Local 13 at the Ports of Los Angeles and Long Beach.[1]

18        Plaintiffs contend that they have been seeking transfers since at least 2004 and, in

19 September 2005, Plaintiffs sent a joint letter to the ILWU Coast Committee members and other

20 officers, stating that they have been requesting transfer, have followed all the procedures for

21 transfer, but have not received any official response to the request.  Copies of this letter were

22 also sent to officers of Local 10 and Local 13.

23        The following facts are not in dispute:

24        At the March 29, 2007 meeting of the San Francisco Joint Port Labor Relations

25 Committee ("SF JPLRC"), ILWU Local 10 requested the Employers agreement to the transfer

26

27 ─────────────────
   [1] ILWU Local 10 is not a party to this action.

28

of the seven Plaintiffs to the jurisdiction of Local 13. Subsequent to that meeting, the Employers determined that Plaintiffs Ayala, Whitten, Torres, Lawton, Linarez and Phillips were eligible to petition Local 13 for transfer; the Employers' response does not mention Plaintiff Stafford. By letter dated May 24, 2007, then-Local 10 Secretary-Treasurer, Farless F. Dailey, III, informed then-Local 13 Secretary-Treasurer Frank Ponce de Leon that the seven Plaintiffs had been "cleared to request transfers to Local 13." By letter dated July 17, 2007, Plaintiffs informed Mr. Ponce de Leon that they wished to transfer to Local 13. Plaintiffs requested that "the matter be addressed at the next meeting of the Los Angeles-Long Beach Joint Port Labor Relations Committee (Los Angeles-Long Beach JPLRC)."

By letters dated September 5, 2007, Plaintiffs requested that ILWU President Robert McEllrath and PMA President Jim McKenna set their transfer requests for hearing/consideration by the Joint Coast Labor Relations Committee ("JCLRC"). The JCLRC reviewed Plaintiffs' September 5, 2007, letter at its September 27, 2007, meeting. The JCLRC's minutes state that it determined that three of the Plaintiffs had been released to seek transfer by the San Francisco JPLRC, but that the other four had not. (Plaintiffs do not dispute that this is what is reflected in the JCLRC's minutes, but deny the accuracy of the same.) By letter dated October 17, 2007, ILWU informed Plaintiffs that transfer requests should be addressed to the Los Angeles/Long Beach JPLRC, and that ILWU would forward their September 5, 2007, letter to that body.

The parties disagree regarding (1) whether Plaintiffs have followed the proper procedures to apply for the transfers they seek herein, and (2) whether Plaintiffs are entitled to the transfers they seek herein.

On April 25, 2008, the Court entered its opinion and order that Plaintiffs had exhausted their administrative remedies under the PCLCD and that their claim under Section 301 LMRA could proceed. The Court further granted Plaintiffs leave to amend their claim under the LMRDA. Plaintiffs have amended their complaint. On May 19, 2008, at the initial Case Management Conference, the Court urged the parties to settle this matter and, to that end, the

1  Court ordered the parties to conduct informal discovery, meet and confer and attempt to settle

2  this case.

4  **Plaintiffs describe the events following the May 19 CMC as follows:**

5  Counsel and the parties met in person at the offices of counsel for the PMA on June 27,

6  2008. The Plaintiffs were under the impression that the parties would discuss settlement in

7  keeping with the Court's May 19, 2008 order. However, the ILWU and Local 13 were only

8  willing to discuss discovery under the Court's order for informal production. The ILWU,

9  Local 13 and PMA did agree to proceed to mediation and agreed to use the services of the

10  Honorable Edward A. Infante (Retired). Mediation was set at the earliest date available on

11  Judge Infante's calendar, September 2, 2008. On August 26, 2008, the Court held a telephonic

12  conference to hear Plaintiffs' concerns that the ILWU and Local 13 had not voluntarily

13  produced sufficient documents for a substantive mediation. Documents were produced but

14  with unexpected redaction of all names on the alleged ground of privacy.

15  At the commencement of mediation on September 2, 2008, Defendants advised

16  Plaintiffs through the good offices of Judge Infante that a hearing on Plaintiffs' right to transfer

17  had already been held at Local 13's request at the Los Angeles-Long Beach Joint Port Labor

18  Relations Committee (LA-LB JPLRC) on or about July 15, 2008. Defendants apparently

19  intend to assert that these proceedings will be determinative of the plaintiffs' rights. Plaintiffs

20  responded to this bombshell announcement by offering that settlement could incorporate a

21  stipulated resort to the JCLRC and a Coast Arbitrator's interpretation of the PCLCD, but

22  Plaintiffs would have to be represented by their own counsel, not by hostile union officers.

23  After many hours of working toward a settlement on such terms, the ILWU and Local 13

24  concluded the mediation prior to 4:00 PM to the surprise of the mediator and Plaintiffs'

25  counsel.

26  Plaintiffs contend that the information revealed about these JPLRC proceedings reflects

27  an attempted unilateral circumvention of the Court's opinion and order of April 25, 2008 that

28

**JOINT STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE**
**Case No. CV-08-0119-TEH**

plaintiffs have exhausted their administrative remedies.  Under *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-975 (9th Cir. 2007), plaintiffs contend that the usual state law mediation privilege is not applicable to information disclosed in mediation that relates to the Court's jurisdiction and that the Court is entitled to be made privy to the same.  Further, Plaintiffs contend that it was bad faith for Defendants not to have disclosed these unilateral proceedings to Plaintiffs until the date of the mediation (or even to the Court during the August 26, 2008 telephone conference on discovery since documents relating to this matter have *still* not been disclosed.)   Plaintiffs believe they should receive sanctions from the ILWU and Local 13 in the amount of their wasted attorneys fees, travel costs and share of the mediation fee. (Plaintiffs additionally contend that payment by plaintiffs of a disproportionate share of the mediation fee was demanded by the ILWU and Local 13 in late July, 2008 as a condition to proceeding with mediation.  Plaintiffs agreed to pay this disproportionate share under protest not knowing that the ILWU and Local 13 had unilaterally undertaken proceedings to frustrate the limited procedural rights that plaintiffs have under the PCLCD.)

### Defendants describe the events following the May 19 CMC as follows:

Defendants will submit a separate statement.

3.   **Legal Issues:**

(a)   Whether the Defendants ILWU and Local 13 can preempt plaintiffs' rights to be heard in Court by unilaterally submitting the issue of plaintiffs' transfer requests to the LA-LB JPLRC and to the JCLRC and, if so, what residual jurisdiction is retained by the Court.

(b)   Whether Defendant ILWU owes a duty of fair representation to any Plaintiff, and if so, whether ILWU breached that duty with respect to that Plaintiff.

(c)   Whether Defendant ILWU owes a duty under its Constitution to require local unions to honor the "coastwise registration" specified in the PCLCD and the right to transfer

1  specified in Art. XVII of the Constitution. and if so, whether ILWU breached that duty with

2  respect to that Plaintiff.

3      (d)    Whether Defendant Local 13 owes a duty of fair representation to any Plaintiff,

4  and if so, whether Local 13 breached that duty with respect to that Plaintiff.

5      (e)    Whether Defendant Local 13 owes a duty to any Plaintiff seeking transfer into

6  Local 13 procedural due process rights equal to those afforded members of Local 13 with

7  respect to processing and hearing grievances relating to such a transfer and if so, whether Local

8  13 breached that duty with respect to that Plaintiff.

9      (f)    Whether Defendant PMA breached any provision of the applicable collective

10  bargaining agreement with respect to any Plaintiff.

11      (g)    Whether Defendant PMA aided or abetted Local 13 in denying any Plaintiff

12  seeking transfer into Local 13 procedural due process rights equal to those afforded members

13  of Local 13 with respect to processing and hearing LA-LB JPLRC grievances.

14      (h)    Whether any Defendant is legally responsible for the acts and/or omissions of

15  any other Defendant under common law agency principles.

16      (i)    Whether Plaintiffs' claims fail because of any of the defenses to be set forth in

17  Defendants' Answer(s) to Plaintiffs' First Amended Complaint.

18      (j)    Whether any Plaintiff has the right under the PCLCD to transfer his registration

19  to the jurisdiction of Local 13.

20      (k)    Whether Plaintiffs are entitled to damages, attorneys fees, or any of the other

21  remedies they seek.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**JOINT STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE**
**Case No. CV-08-0119-TEH**

1  **4.    Motions:**

2      **A. Motion to Dismiss.**

3      On April 25, 2008, the Court *denied* a motion to dismiss by defendants as to plaintiffs'

4  First Cause of Action (breach of the duty of fair representation by a labor organization and

5  breach of CBA by an employer) and plaintiffs' Third Causes of Action (injunction to preserve

6  seniority rights).  The Court held that plaintiffs had exhausted their administrative remedies

7  under the relevant collective bargaining agreement, the PCLCD and were entitled to proceed in

8  Court.

9      In that same April 25, 2008 order, the Court granted the defendants' motion to dismiss,

10  with leave to amend, as to the plaintiffs' Second Cause of Action for violation of the Labor-

11  Management Reporting and Disclosure Act; 29 U.S. Code section 411.  Plaintiffs have filed a

12  First Amended Complaint but the Court's CMC order of May 19, 2008 deferred defendants'

13  requirement for the filing of a responsive pleading.

14      **B. Motion for Sanctions and to Set a Court-Supervised Settlement Conference**

15      Plaintiffs intend to bring a motion for sanctions based on the above-described conduct

16  and resulting failure of the mediation effort.  Since Defendants ILWU and Local 13 have

17  presumed that they have authority to preempt the Court's interpretation of the labor contract

18  and union constitution, further settlement discussions should be held under the auspices of a

19  Court appointed settlement officer.

20

21  **5.    Amendment of Pleadings:**

22      Plaintiffs request leave to file a Second Amended Complaint to include allegations as to

23  the ongoing unfair and secretive handling of plaintiffs' grievances and transfer requests.

24      Plaintiffs have only begun receiving discovery in the past two weeks and it is redacted

25  as to alleged "privacy" notwithstanding plaintiffs' execution of a protective order agreement as

26  to confidentiality.  Plaintiffs reserve the right after receiving further, unredacted discovery to

27  seek to amend the complaint to allege that a class of similarly situated longshoremen have been

28

1  intimidated into not exercising their transfer rights by Local 13's hostility to transfer
2  applications from "disfavored" sister local unions.

3      In their initial Rule 26 report the parties proposed September 2, 2008 as the cut-off date
4  for amending the pleadings and adding parties. After the Court's May 19, 2008 CMC order,
5  the parties put formal discovery and pleading on hold to prepare for mediation. Since that
6  mediation was unsuccessful, the parties propose the following:

7          Last day to move to amend to add claims:      December 2, 2008
8          Last day to move to amend to add parties:      December 2, 2008.

9

10  **6.**    <u>**Evidence Preservation:**</u>

11      Plaintiffs' counsel have instructed Plaintiffs to collect and retain all written documents,
12  records and other things (including e-mails, voicemails, electronically-recorded material)
13  supporting their claims and damages in this case.

14      Defendants' counsel have instructed Defendants to collect and retain all written
15  documents, records and other things (including e-mails, voicemails, electronically-recorded
16  material) relevant to the claims and defenses made in this case.

17

18  **7.**    <u>**Disclosures:**</u>

19      Plaintiffs have complied with the initial disclosures requirements of Fed. R. Civ. P. 26,
20  and have produced documents found to date relating to Plaintiffs' claims and damages (i.e.,
21  lost wages, benefits, travel, relocation and other incidental expenses). Plaintiffs will continue
22  to supplement this initial production as documents are discovered during the course of this
23  litigation.

24      Defendants have failed to fully comply with the initial disclosures requirements of Fed.
25  R. Civ. P. 26 as they have redacted documents that they assert to be central to their theory in
26  this case.

27  ///

28

**8.    Discovery:**

The parties have exchanged informal discovery in preparation for the mediation. However, defendants ILWU and Local 13 have redacted the names of relevant individuals on privacy grounds that plaintiffs contend are inapplicable in light of plaintiffs' execution of defendants' protective order/confidentiality agreement. Additionally, defendants ILWU and Local 13 have objected to producing records relating to NLRB unfair labor practice complaints involving transfers on the ground that such documents are public records allegedly "equally available" to Plaintiffs. Plaintiffs contend that statements taken by NLRB investigators from union members or representatives under typical NLRB assurances of confidentiality will *not* be available in the public records and both ILWU and Local 13 have far superior indexing/knowledge as to which of the hundreds of ILWU NLRB cases involve transfers making it oppressive to require plaintiffs to search public records.

Plaintiffs' Proposed Discovery Plan:

Written Discovery:  Plaintiffs intend to follow up earlier informal discovery requests with a formal request for: (1) unredacted copies of all JPLRC and JCLRC meeting minutes relating to transfers between ILWU West Coast locals and (2) records relating to NLRB unfair labor practice complaints involving transfers between West Coast ILWU Longshore Division locals.

Plaintiffs will also serve interrogatories and requests for admissions upon each party.

Depositions:  Plaintiffs intend to take 30(b)(6) depositions of all Defendants, as well as of West Coast ILWU Longshore Division locals other than Local 13.  Plaintiffs anticipate requiring up to 10 depositions in this case.

Defendants' Proposed Discovery Plan:

Defendants will take depositions of all Plaintiffs and of all material witnesses identified by Plaintiffs.  Defendants may also propound written discovery requests regarding Plaintiffs'

10

alleged efforts to obtain transfers and the damages they allegedly suffered as a result of not obtaining the transfers they now seek.

Defendants submit that, due to Plaintiffs' assertion in Section 9 below of possible class conversion, all discovery should initially be restricted to matters relevant to class certification. Defendants further submit that the Court should establish deadlines for such discovery and for motions for class certification.

**9.    Class Actions:**

Plaintiffs believe that there is class of similarly-situated longshoremen and reserve the right to convert this case to a class action after discovery and Rule 30(b)(6) depositions of Defendants.

**10.    Related Cases:**

The parties are unaware of any related cases at this time.

**11.    Relief:**

Plaintiffs seek declaratory relief that: (i) (with the exception of Kimani Stafford) Plaintiffs have properly completed the prerequisites for a transfer to Local 13 under the PCLCD; (ii) Plaintiffs have satisfied all the transfer requirements under Article XVII of the ILWU Constitution; (iii) the failure by Local 13 to submit to the LA-LB JPLRC the Plaintiffs' grievances concerning their transfer requests breached the duty of fair representation owed to Plaintiffs, individually and collectively, by Local 13 and the ILWU; (iv) the failure by Local 13 and the ILWU to honor Plaintiffs' transfer requests violated their rights under the constitution of the International Union and therefore violated their rights to equal protection and non-discrimination under the LMDRA; and (v) the PMA aided, abetted and conspired with Local 13 and the ILWU in this violation of the LMDRA.

1    Plaintiffs seek injunctive relief to assist them in regaining the rightful place they would

2 have held in the longshore labor pool in the Port of Los Angeles and Long Beach.  Plaintiffs

3 also seek an order directing that Defendants afford Plaintiffs the equal rights and privileges

4 (e.g., to nominate candidates, to vote in elections, and to attend, deliberate, and vote at

5 membership meetings) within Local 13 secured to members of labor organizations by section

6 101(a)(1) and other provisions of the LMRDA.

7    Moreover, Plaintiffs seek monetary damages for lost wages, benefits, travel, relocation

8 and other incidental expenses, including any allowable interest, as a result of being denied

9 transfers as well as attorneys' fees and costs incurred in bringing and maintaining this action.

10

11 **12.    Settlement and ADR:**

12    The parties have engaged in mediation with the Honorable Edward A. Infante, which

13 Defendants ILWU and Local 13 concluded prior to reaching a settlement.  Settlement

14 discussions have continued between Plaintiffs and the PMA.

15

16 **13.    Consent to Magistrate Judge for All Purposes:**

17    The parties do *not* want the case assigned to a Magistrate Judge for all purposes.

18

19 **14.    Other References:**

20    Plaintiffs' claim seeks declaratory and injunctive relief that would clarify the rights of a

21 large number of other ILWU Longshore Division union members, and contend it is *not* suitable

22 for binding arbitration.  Defendants assert that Plaintiffs are required by federal labor law to

23 submit their claims to binding arbitration, as provided by the collective bargaining agreement

24 that governs their employment.

25 ///

26 ///

27 ///

28

12

**JOINT STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE**
**Case No. CV-08-0119-TEH**

**15.   Narrowing of Issues:**

The issues have expanded rather than narrowed as a result of the unilateral conduct of the ILWU and Local 13 in submitting Plaintiffs' transfer requests to the LA-LB JPLRC and to the JCLRC without leave of court or Plaintiffs' consent.

Plaintiffs may file an amended complaint to raise additional issues; in response. Defendants may file motions to dismiss or for summary judgment.

**16.   Expedited Schedule:**

Plaintiffs agree to a bench trial before Judge Henderson.

**17.   Scheduling:**

The Complaint in this case was filed on January 7, 2008. Defendants have not filed their response to the Complaint because of the May 19, 2008 CMC order that contemplated the parties working towards settlement.

Assuming that Defendants answer rather than file a further motions to dismiss, the parties propose the following schedule:

| | |
|---|---|
| Discovery Cut-Off (Nonexpert): | January 12, 2009 |
| Designation of Experts: | January 30, 2009 |
| Motion Hearing Cut-Off: | March 9, 2009 |
| Final Pre-Trial Conference: | May 11, 2009 |
| Trial: | June 9, 2009 |

**18.   Trial:**

If a bench trial is not held, the parties estimate a jury trial of 10 days (assuming 5-6 hours of Court time per day).

JOINT STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

**19.    Disclosure of Non-party Interested Entities of Persons:**

On January 7, 2008, Plaintiffs filed their Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16.  In Plaintiffs' Certification, they stated that, other than the named parties, there is no such interest to report.

On May 12, 2008, Defendant ILWU filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

On May 14, 2008, Defendant Local 13 filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Respectfully submitted,

DATED:  September 8, 2008          SULLIVAN TAKETA LLP


By: _____
Mark F. Sullivan
Lamdien T. Le
Attorneys for Plaintiffs

DATED:  September 8, 2008          LAW OFFICES OF DENNIS L. KENNELLY


By: _____  FOR DENNIS L. KENNELLY
Dennis L. Kennelly
Attorneys for Plaintiffs

DATED:  September 8, 2008          LEONARD, CARDER, LLP


By: _____
Phil A. Thomas
Attorneys for Defendant
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION

14

1   DATED:  September 8, 2008                    HOLGUIN & GARFIELD, LLP

2

3

4                                       By: _____
                                            John Kim
5                                           Attorneys for Defendant
                                            INTERNATIONAL LONGSHORE AND
6                                           WAREHOUSE UNION, LOCAL 13

7   DATED:  September 8, 2008                    MORGAN, LEWISE & BOCKIUS LLP

8

9

10                                      By: _____
                                            L. Julius M. Turman
11                                          Attorneys for Defendant
                                            PACIFIC MARITIME ASSOCIATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          15

# EXHIBIT "C"

## SULLIVAN TAKETA LLP

LAWYERS
31351 VIA COLINAS, SUITE 205
WESTLAKE VILLAGE, CALIFORNIA 91362
TELEPHONE (818) 889-2299
FACSIMILE (818) 889-4497

AUTHOR'S E-MAIL:
MARK.SULLIVAN@CALAWCOUNSEL.COM

September 5, 2008

**Certified Mail – Return Receipt Requested**

ILWU-PMA                                    Joint Port Labor Relations Committee—
Joint Coast Labor Relations Committee       LA/LB
P.O. Box 7861                               P.O. Box 350
San Francisco, CA  94120                    Long Beach, CA 90801

RE:  *Jose Ayala, et al. v. Pacific Maritime Association, et al.*
     USDC Case No. CV-08-0119 TEH

     PCLCD Section 13.1 Grievances Over Ongoing Failure to Process Requests For
     Transfer From San Francisco, Local 10, to Los Angeles/Long Beach, Local 13,
     by:
          Leroy Phillips #9214
          Joseph Lawton #9340
          Deandre Whitten #9436
          Jose Ayala #9326
          Jose Linares #9479
          Gonzalo Torres #9414

Dear Coast LRC and LA-LB Joint LRC Committeemen\Committeewomen:

     This letter is written on behalf of the above referenced Class A longshoremen who
have been attempting to obtain a transfer from San Francisco, Local 10, to Los
Angeles/Long Beach, Local 13, under the terms of and pursuant to ILWU Constitution,
Article XVII, Section 3 and the PCLCD, Supplement I.[1]  When their transfer requests
languished without action by the LA-LB JPLRC, these longshoremen instituted the above
referenced legal action.  This legal action is pending in the U.S. District Court for the

---

[1]  The above list does not include the grievance of Kimani Stafford #9381 as it has
not been submitted to the LA-LB JPLRC due to an alleged failure to obtain Local 10
approval for a transfer.

ILWU-PMA Joint Coast Labor Relations Committee

LA-LB Joint Port Labor Relations Committee

September 5, 2008

Page 2

Northern District of California (Honorable Thelton E. Henderson) and alleges breach of the PCLCD, actionable under the Labor-Management Relations Act (LMRA) and discrimination by a labor organization against its own members, actionable under the Labor-Management Reporting & Disclosure Act (LMRDA). This lawsuit reiterates the ongoing grievance by these individuals which has two aspects: (1) denial of their substantive right to a transfer under the PCLCD, Supplement I and (2) denial of their right to fair representation which includes reasonably expedited and fair procedures with respect to the processing of their requests.

## CIRCUMVENTION OF COURT ORDER

On April 25, 2008, after substantial briefing, presentation of evidence and arguments, Judge Henderson issued an extensive opinion and order, sixteen pages in length, copy attached, finding that these individuals had exhausted the grievance procedures of the PCLCD and were, therefore, entitled to litigate their claims in Court. At an informal proceeding held on Tuesday, September 2, 2008, in connection with the federal court lawsuit it was brought to the attention of these longshoremen that, without notice to them, their transfer requests were presented to the LA – LB Joint Port Labor Relations Committee in July or thereabouts, that "No Agreement" was reached on the grievances, and that Local 13 has unilaterally submitted its disagreement with the employer representative, the PMA, to the Joint Coast Labor Relations Committee.

This *late, unilateral, and secretive* submission of the matter to the JPLRC is a highly questionable, if not contemptuous, circumvention of the Court's order. It is particularly oppressive that the union takes the position that it will be the sole representative of the affected individuals' rights. The individuals involved reserve their rights to raise this high-handed conduct with the Court and to request that it enter such orders as may be appropriate to preserve its jurisdiction and the plaintiffs' right to due process.

## NON-WAIVER OF RIGHT TO APPEAL TO THE JCLRC AND TO BE HEARD BY THE COAST ARBITRATOR

The individuals do not waive their right to have this matter heard in federal court pursuant to the order of April 25, 2008. However, in the event that this issue is heard by the JCLRC, the individuals want to avoid any claim of untimeliness on their part, or any claim of a waiver of their PCLCD rights. To that end, the plaintiffs in the federal court action present this letter as a PCLCD section 17.42 appeal "by the men involved" to the Joint Coast Labor Relations Committee. The men involved add to the procedural due

ILWU-PMA Joint Coast Labor Relations Committee

LA-LB Joint Port Labor Relations Committee

September 5, 2008

Page 3

process aspect of their grievance the failure by Local 13 to have given them any notice of the submission to the LA-LB Joint Port Labor Relations Committee or any opportunity to participate or present their case.

This appeal is timely not only because the men involved have just been informed of the submission of their grievances to the LA-LB Joint Port Labor Relations Committee and Local 13's forwarding of the "No Agreement" resolution to the JCLRC.

## ONGOING DEMAND FOR DISCOVERY

As the result of an August 26, 2008 ex parte order from Judge Henderson, the plaintiffs have received partial discovery concerning Local 13's unwritten restrictions on the PCLCD Supplement I transfer right and its inconsistent application of that policy to potential transferees from different locals. If this matter proceeds at the JCLRC or moves on to the Coast Arbitrator, they request and are entitled to full discovery.

## REQUEST TO BE HEARD AND REPRESENTED

The plaintiffs are particularly grieved that Local 13 believes it can not only circumvent the Court's Order but, by so doing, have the plaintiffs' case submitted to the JCLRC and to the Coast Arbitrator with the same union officials who have been discriminating against them purporting to act as their representatives. Any such procedure would be a grotesque perversion of due process. The men involved request the right to be heard with their own independent counsel.

Sincerely,

SULLIVAN TAKETA LLP

Mark F. Sullivan

MFS:mfs

Copy:
Co-counsel

Dennis L. Kennelly, Esq.
1030 Curtis, Suite 200
Menlo Park, CA 94025

ILWU-PMA Joint Coast Labor Relations Committee

LA-LB Joint Port Labor Relations Committee

September 5, 2008

Page 4


Opposing counsel (Via U.S. Mail & Fax)

Phil A. Thomas, Esq.
Leonard Carder LLP
1188 Franklin Street, Suite 201
San Francisco, California 94109

Steven Holguin, Esq.
Holguin, Garfield & Martinez APLC
800 West Sixth Street, Suite 950
Los Angeles, CA 90017

L. Julius M. Turman, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126

# COURT'S ORDER ON APRIL 25, 2008 [Intentionally Omitted for This Filing Only]

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

5.83

Sent To *Joint Port Labor Comm*
Street, Apt. No.; or PO Box No. *P.O. Box 350*
City, State, ZIP+4 *Long Beach CA 90801*

PS Form 3800, August 2006    See Reverse for Instructions

7007 0710 0003 3595 9983

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

5.83

Sent To *ILWU - PMA*
Street, Apt. No.; or PO Box No. *P.O. Box 7861*
City, State, ZIP+4 *San Fran 94120*

PS Form 3800, August 2006    See Reverse for Instructions

7007 0710 0003 3596 0072

## SULLIVAN TAKETA LLP

LAWYERS
31351 VIA COLINAS, SUITE 205
WESTLAKE VILLAGE, CALIFORNIA 91362
TELEPHONE (818) 889-2299
TELEPHONE (805) 494-4700
FACSIMILE (818) 889-4497

AUTHOR'S E-MAIL:
MARK.SULLIVAN@CALAWCOUNSEL.COM

# FACSIMILE TRANSMITTAL

| Recipient | Firm/Company | Facsimile |
|---|---|---|
| L. Julius M. Turman | Morgan, Lewis & Bockius, LLP | 415-442-1001 |
| Phil Thomas | Leonard, Carder, LLP | 415-771-7010 |
| Stephen Holguin | Holguin, Garfield & Martínez, APLC | 213-623-0171 |
| Dennis L. Kennelly | Law Offices of Dennis L. Kennelly | 650-854-7839 |

DATE:      September 5, 2008

FROM:     Mark F. Sullivan

PAGES:    20 Pages (*including cover sheet*)

RE:          Ayala, et al. v. Pacific Maritime Association, et al.

**COMMENTS:  See attached correspondence.**

The information contained in this facsimile may contain attorney-client privileged and confidential information intended only for the use of the individual or entity named above. The reader of this message is hereby notified that if you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 01 | 05/SEP | 16:57 | 14154421001 | 0:07:30 | 20 | OK | G3 | 3939 |
| 02 | | 17:05 | 14157717010 | 0:04:24 | 20 | OK | SG3 | 3939 |
| 03 | | 17:10 | 12136230171 | 0:04:44 | 20 | OK | SG3 | 3939 |
| 04 | | 17:15 | 16508547839 | 0:04:29 | 20 | OK | SG3 | 3939 |
| | TOTAL | | | 0:21:07 | 80 | | | |