1  ROBERT S. REMAR (SBN 100124)
   ELEANOR MORTON (SBN 220407)
2  PHIL A. THOMAS (SBN 248517)
   LEONARD, CARDER, LLP
3  1188 Franklin St., Suite 201
   San Francisco, CA 94109
4  Tel: (415) 771-6400 / Fax: (415) 771-7010
   *Attorneys for Defendant ILWU*
5
6  STEVEN R. HOLGUIN (SBN 115768)
   JOHN KIM (SBN 232957)
7  HOLGUIN & GARFIELD, LLP
   800 West Sixth Street, Ste. 950
8  Los Angeles, CA 90048
   Tel: (213) 623-0170 / Fax: (213) 623-0171
9  *Attorneys for Defendant ILWU Local 13*

10 L. JULIUS M. TURMAN, (SBN. 226126)
   BARBARA I. ANTONUCCI, (SBN 209039)
11 MEGAN BARRY BOROVICKA, (SBN 241205 )
   MORGAN, LEWIS & BOCKIUS LLP
12 One Market, Spear Street Tower
   San Francisco, CA 94105-1126
13 Tel. 415.442.1000 /Fax 415.442.1001
   *Attorneys for Defendant PMA*
14

15          **UNITED STATES DISTRICT COURT**

16      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17 JOSÉ AYALA, DEANDRE WHITTEN,          Case No.:  CV-08-0119-TEH
   LEROY PHILLIPS, GONZALO TORRES,
18 JOSÉ LINAREZ, KIMANI STAFFORD,        [Complaint Filed:  January 7, 2008]
   AND JOSEPH LAWTON, individuals,
19                                       **DEFENDANTS STATEMENT FOR**
20          Plaintiffs,                  **FURTHER CASE MANAGEMENT**
                                         **CONFERENCE**
21 vs.
                                         DATE:      Sept. 15, 2008
22 PACIFIC MARITIME ASSOCIATION, a       TIME:      1:30 p.m.
   California corporation; INTERNATIONAL CTRM:      12
23 LONGSHORE AND WAREHOUSE
   UNION, a labor organization; and
24 INTERNATIONAL LONGSHORE AND           Hon. Thelton E. Henderson
   WAREHOUSE UNION, LOCAL 13, a
25 labor organization; and DOES 1 through
   10,
26
           Defendants.
27

28

                                    1

1    TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:

2        Pursuant to the Court's Order of May 19, 2008, Defendants Pacific Maritime Association

3    (PMA), International Longshore and Warehouse Union (ILWU), and International Longshore and

4    Warehouse Union, Local 13 (Local 13), through their respective counsel of record file this Further

5    Case Management Conference Statement, following the joint conference of counsel held in San

6    Francisco on June 27, 2008 and the parties' mediation held on September 2, 2008, before the

7    Honorable Edward A. Infante, United States Magistrate Judge (Retired).

8        Plaintiffs' presentation of the factual and procedural history compels Defendants to respond

9    separately, rather than in the usual format of a joint submission of the parties, for the following

10    reasons: On September 7, 2008, Plaintiffs' counsel submitted to Defendants' counsel a draft Joint

11    Case Management Conference Statement that mischaracterized and misrepresented Defendants'

12    statements, actions, and positions, and was written in an inflammatory tone. Even after conferring

13    with Plaintiffs' counsel, Defendants were unable to re-draft Plaintiffs' document to accurately and

14    fairly describe the actions and positions of all parties,. Therefore, Defendants have submitted this

15    separate Case Management Conference Statement.

16    **1.    <u>Jurisdiction and Service</u>:**

17        The Court has subject matter jurisdiction over Plaintiffs' claims under section 301 of the

18    Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* and under section 102 of the Labor-

19    Management Reporting and Disclosure Act, 29 U.S.C. § 412. All the parties have been properly

20    served and there are no issues regarding personal jurisdiction or venue.

21    **2.    <u>Facts</u>:**

22        Defendants ILWU and PMA, on behalf of its member-Employers are parties to a collective

23    bargaining agreement known as the Pacific Coast Longshore Contract Document ("PCLCD"), which

24    governs the terms and conditions of employment for all longshore workers employed by PMA's

25    member-Employers in the ports of California, Oregon, and Washington. The PCLCD permits that

26    longshore workers may transfer from one port to another if certain conditions are met and certain

27    procedures are followed. Plaintiffs are longshore workers registered under the jurisdiction of ILWU

28

1    Local 10 in the San Francisco Bay area.[1]  Plaintiffs seek by this action to transfer to the jurisdiction

2    of Defendant ILWU Local 13 (Local 13) at the Ports of Los Angeles and Long Beach.  Plaintiffs

3    contend that they have been seeking transfers by various means since at least 2004.  The following

4    facts are not in dispute:

5        At the March 29, 2007 meeting of the San Francisco Joint Port Labor Relations Committee

6    ("SF JPLRC"), ILWU Local 10 requested the Employers agreement to the transfer of the seven

7    Plaintiffs to the jurisdiction of Local 13.  Subsequent to that meeting, the Employers determined that

8    Plaintiffs Ayala, Whitten, Torres, Lawton, Linarez and Phillips were eligible to petition Local 13 for

9    transfer; the Employers' response does not mention Plaintiff Stafford.  By letter dated May 24, 2007,

10   then-Local 10 Secretary-Treasurer, Farless F. Dailey, III, informed then-Local 13 Secretary-Treasurer

11   Frank Ponce de Leon (inaccurately) that all seven Plaintiffs had been "cleared to request transfers to

12   Local 13."  By letter dated July 17, 2007, Plaintiffs informed Mr. Ponce de Leon that they wished to

13   transfer to Local 13.  Plaintiffs requested that "the matter be addressed at the next meeting of the Los

14   Angeles-Long Beach Joint Port Labor Relations Committee (Los Angeles-Long Beach JPLRC)."  By

15   letters dated September 5, 2007, Plaintiffs requested that ILWU President Robert McEllrath and

16   PMA President Jim McKenna set their transfer requests for hearing/consideration by the Joint Coast

17   Labor Relations Committee ("JCLRC").

18       The JCLRC reviewed Plaintiffs' September 5, 2007, letter at its September 27, 2007,

19   meeting.[2]  By letter dated October 17, 2007, ILWU informed Plaintiffs that their transfer requests

20   should be addressed to the Los Angeles/Long Beach JPLRC, and that ILWU would forward their

21   September 5, 2007, letter to that body.

22       Plaintiffs commenced this action on January 7, 2008.  On March 3, 2008, Defendants moved

23   to compel Plaintiffs to exhaust their internal remedies for their claims under the PCLCD, and to

24   dismiss Plaintiffs claims under the ILWU Constitution.  On April 25, 2008, the Court entered its

25   opinion and order that Plaintiffs were excused from further efforts to exhaust their administrative

26   ---

27   [1] ILWU Local 10 is not a party to this action.

[2] The minutes of the September 27, 2007 JCLRC minutes incorrectly state that three (rather than six) of the Plaintiffs had

28   been released to request transfers and that four (rather than one) had not.  The JCLRC corrected this error in a joint letter
     to the LA/LB JPLRC dated June 18, 2008.

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1   remedies under the PCLCD and that their claim under Section 301 LMRA could proceed. The Court

2   dismissed Plaintiffs' claim under the LMRDA with leave to amend. Plaintiffs have amended their

3   complaint. On May 19, 2008, at the initial Case Management Conference, the Court urged the parties

4   to settle this matter and, to that end, the Court ordered the parties to conduct informal discovery, meet

5   and confer and attempt to settle this case.

6           Document production and mediation:

7           Counsel for all parties agreed to meet at the offices of counsel for Defendant PMA on June

8   27, 2008 to discuss the exchange of documents necessary to have meaningful settlement discussions

9   at mediation, and to attempt to agree on a framework under which such discussions could be held.

10  On June 12, 2008, Plaintiffs' counsel informed Defendants' counsel via email that "several" of his

11  clients could be present at the June 27 meeting to discuss settlement. Counsel for each Defendant

12  responded via email that same day, informing Plaintiffs' counsel that no officers of PMA, ILWU or

13  Local 13 could be present on June 27, and reminding counsel for Plaintiffs that this meeting had been

14  set up only to discuss exchange of documents that would be needed for the mediation. Plaintiffs'

15  counsel did not respond, but on June 24 he unilaterally announced via email that the individual

16  Plaintiffs' would be present at the June 27 meeting. Several individuals that Defendants understood

17  to be the Plaintiffs were present for this meeting, but were sequestered in a separate room during

18  counsels' meeting.

19          Despite Defendants' prior assertions that the sole purpose of the June 27 meeting was to

20  discuss the production of documents, Plaintiffs' counsel attempted engage in settlement discussions.

21  Counsel for all three Defendants repeatedly informed Plaintiffs' counsel that no settlement

22  discussions could take place that day, as the officers of the various Defendants were engaged in

23  negotiations for a new collective bargaining agreement and were unavailable. Plaintiffs' counsel

24  persisted in attempting to discuss settlement, and in so doing needlessly prolonged this meeting by

25  several hours. The parties eventually agreed to mediation before Judge Infante at some future date,

26  and discovery discussions resumed. Defense counsel made specific requests of Plaintiffs' counsel

27  that they produce documents that support their claims for damages resulting from alleged expenses

28  and lost wages. Plaintiffs' counsel orally made a number of requests for documents, including

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1  meeting LRC minutes and lists of workers registered in the Ports of LA/LB and the San Francisco

2  Bay area; Defendants' counsel requested that they submit a written request to minimize confusion.

3      Plaintiffs' counsel sent a letter on July 2, 2008, which included Plaintiffs' written document

4  request and sought additional categories of documents that Plaintiffs had not mentioned at the June

5  27 meeting, including the minutes of ILWU and Local 13 executive board meetings. Plaintiffs also

6  sought LRC minutes from many more ports over a much greater time range than they had requested

7  on June 27. On July 22, 2008, Plaintiffs requested additional payroll information for each Plaintiff.

8  Defendants reviewed Plaintiffs' requests, and in good faith objected to many of them as overly

9  burdensome and not likely to lead to the discovery of relevant information. The Court subsequently

10  ordered Defendants to produce the documents Plaintiffs requested; Defendants have produced many

11  such documents and are supplementing this production as additional responsive documents are

12  identified.

13      The mediation with Judge Infante took place as scheduled on September 2, 2008. Defendants

14  approached the mediation in good faith and, throughout the full day of discussions, made good faith

15  efforts to try to resolve the matter. Ultimately, despite these efforts, Plaintiffs' demands were

16  unacceptable and no compromise appeared possible. Negotiations were therefore, concluded. In

17  violation of the confidential and privileged nature of these discussions, Plaintiffs' counsel makes a

18  variety of representations in its CMC Statement about statements supposedly made and positions

19  allegedly taken by Defendants during the mediation. Such representations, which are largely false in

20  any event, must be wholly disregarded by the Court and nothing in Plaintiffs' cited authority

21  indicates otherwise. *Babasa v. Lenscrafters, Inc.,* 498 F.3d 972, 974, 975 n.1 (9th Cir. 2007)

22  (declining to address privilege issue). If Plaintiffs believe Defendants' conduct warrants sanctions, as

23  Plaintiffs claim in their CMC Statement, Plaintiffs should bring a motion setting forth the grounds

24  and legal bases and Defendants will respond to Plaintiffs' arguments and factual representations at

25  that time.

26      Plaintiffs' transfer requests:

27      Over the period from May 19, 2008 to the present, the contractual relationship between

28

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1   Defendant PMA and Defendants ILWU and Local 13 continued as it has for over seventy years.[3]

2   Employers ordered labor from dispatch halls; longshore workers were dispatched to jobs at various

3   locations; disputes arose under the PCLCD and were resolved through contractual procedures in the

4   ordinary course.  Plaintiffs' transfer requests remain a live issue under the PCLCD; ILWU, Local 13

5   and PMA cannot fail to act on them simply because Plaintiffs have brought this action.  Accordingly,

6   by letter dated June 18, 2008, the JCLRC ordered the LA/LB JPLRC to address the transfer requests

7   of Plaintiffs Phillips, Lawton, Ayala, Torres, Whitten, and Linares within 30 days.  The LA/LB

8   JPLRC addressed these requests on July 15, 2008, and reached disagreement regarding whether these

9   individuals should be permitted to transfer.  The parties to the JPLRC were also unable to agree as to

10  the drafting of the minutes which were to record their disagreement and, thus, no single set of

11  minutes was agreed upon.  By letter dated August 11, 2008, Defendant Local 13 informed Defendant

12  ILWU that no agreement had been reached on Plaintiffs' transfer requests or on the minutes of the

13  meeting where these requests were addressed.  Local 13 requested that the JCLRC address and

14  resolve Plaintiffs' requests.  All of the above-referenced documents, the June 18 and August 11

15  letters and both drafts of the July 15 minutes, were produced to Plaintiffs between August 22 and 28,

16  2008.[4]  Plaintiffs' description of these events as a "bombshell" that Defendants kept hidden from

17  them until the September 2 mediation is therefore simply false.

18  **3.    Legal Issues:**

19      a)  Whether Defendant ILWU owes a duty of fair representation to any Plaintiff, and if so,

20          whether ILWU breached that duty with respect to that Plaintiff.

21      b)  Whether Defendant Local 13 owes a duty of fair representation to any Plaintiff, and if so,

22          whether Local 13 breached that duty with respect to that Plaintiff.

23      c)  Whether Defendant PMA breached any provision of the applicable collective bargaining

24          agreement with respect to any Plaintiff.

25      d)  Whether any Defendant is legally responsible for the acts and/or omissions of any other

26          Defendant under common law agency principles.

27  _____

28  [3] The PCLCD under which the instant dispute arose expired on July 1, 2008; the parties concluded a new six-year agreement in August.

e)  Whether Plaintiffs' claims fail because of any of the defenses to be set forth in Defendants' Answer(s) to Plaintiffs' First Amended Complaint.

f)  Whether any Plaintiff has the right under the PCLCD to transfer his registration to the jurisdiction of Local 13.

g)  Whether Plaintiffs are entitled to damages, attorneys fees, or any of the other remedies they seek.

h)  Whether the LA/LB JPLRC's July 15, 2008 consideration of Plaintiffs' transfer requests, and/or Local 13's August 11, 2008 submission of these requests to the JCLRC, preempts or otherwise affects Plaintiffs' ability to pursue this action in Court and, if so, what residual jurisdiction is retained by the Court.

i)  Whether the transfer provisions of Article XVII of the Constitution of Defendant ILWU confer any duty on ILWU to require its constituent local unions to adopt any rules or procedures regarding requests by longshore workers employed under the PCLCD to transfer into that local union's jurisdiction, and if so, whether ILWU breached that duty with respect to any Plaintiff.

j)  Whether Defendant Local 13 owes any Plaintiff seeking transfer into Local 13's jurisdiction procedural due process rights regarding their transfer requests that are equal to the procedural due process rights afforded members of Local 13 with respect to processing and hearing grievances that arise under the PCLCD, and if so, whether Local 13 breached that duty with respect to that Plaintiff.

4.  **Motions:**

On April 25, 2008, the Court denied Defendants' motion to compel arbitration of Plaintiffs' First and Third Causes of Action (alleged breach of the duty of fair representation by a labor organization and alleged breach of CBA by an employer, and request for injunction to preserve alleged seniority rights).  The Court held that Plaintiffs were excused from further exhaustion of their administrative remedies under the PCLCD, and were entitled to proceed in Court.  In that same April 25, 2008 order, the Court granted, with leave to amend, Defendants' motion to dismiss Plaintiffs'

---

[4] True and correct copies of these documents are attached hereto as Exhibits A, B, C, and D respectively.

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1    Second Cause of Action for alleged violation of the Labor-Management Reporting and Disclosure

2    Act; 29 U.S. Code section 411.  Plaintiffs have filed a First Amended Complaint but the Court's

3    CMC order of May 19, 2008 deferred Defendants' requirement for the filing of a responsive

4    pleading.

5        Plaintiffs have asserted that they intend to bring a motion for sanctions based on alleged acts

6    or omissions on the part of Defendants ILWU and Local 13.  Defendants assert that any such motion

7    would be without merit, as Plaintiffs' allegations misrepresent and mischaracterize Defendants'

8    actions to such a degree that filing a motion on these grounds should subject Plaintiffs to sanctions.

9    Defendants also anticipate moving to dismiss and/or for summary judgment.

10   **5.**    **Amendment of Pleadings:**

11       Plaintiffs are likely to request leave to file a Second Amended Complaint to include

12   allegations regarding what they see as "the ongoing unfair and secretive handling of plaintiffs'

13   grievances and transfer requests."  Plaintiffs also appear to believe that there is a class of similarly

14   situated longshore workers, and have indicated they may attempt to amend the Complaint again to

15   allege a class action.

16       In their initial Rule 26 report the parties proposed September 2, 2008 as the cut-off date for

17   amending the pleadings and adding parties.  After the Court's May 19, 2008 CMC order, the parties

18   put formal discovery and pleading on hold to prepare for mediation.  Since that mediation was

19   unsuccessful, the parties propose the following:

20           Last day to move to amend to add claims:    December 2, 2008

21           Last day to move to amend to add parties:    December 2, 2008.

22   **6.**    **Evidence Preservation:**

23       Plaintiffs' counsel have instructed Plaintiffs to collect and retain all written documents,

24   records and other things (including e-mails, voicemails, electronically-recorded material) supporting

25   their claims and damages in this case.

26       Defendants' counsel have instructed Defendants to collect and retain all written documents,

27   records and other things (including e-mails, voicemails, electronically-recorded material) relevant to

28   the claims and defenses made in this case.

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

7.    **Disclosures:**

Plaintiffs appear to have complied with the initial disclosure requirements of Fed. R. Civ. P. 26, and have produced documents relating to Plaintiffs' claims and damages (i.e., lost wages, benefits, travel, relocation and other incidental expenses). Plaintiffs have stated that they will continue to supplement this initial production as documents are discovered during the course of this litigation.

Defendants have fully complied with the initial disclosures requirements of Fed. R. Civ. P. 26. Defendants will continue to supplement this initial production as documents are discovered during the course of this litigation.

8.    **Discovery:**

The parties have exchanged informal discovery in preparation for the mediation.

In response to Defendants' request for documents supporting Plaintiffs' claims for damages, Plaintiffs have produced a record of hours worked for Ayala, and receipts from Ayala, Phillips and Lawton.

In response to Plaintiffs' requests, Defendants' production has been as thorough as possible given the voluminous number of documents requested. Defendants have produced thousands of pages, including roster lists from each Port that Plaintiff requested, for each year from 2001 to 2008.

Defendants have also produced minutes of each JCLRC meeting from 2001 to the present in which the transfer of any individual longshore worker was discussed (to protect the privacy of non-parties, names were redacted but registration numbers were not, thus permitting Plaintiffs to make supplemental discovery requests regarding particular transfer requests they believe are relevant to the instant case). Defendants have produced the minutes of many LA/LB JPLRC meetings where transfers were discussed, redacted in the same manner as the minutes of the JCLRC minutes. Defendants continue to search their records to ensure that <u>all</u> relevant LA/LB JPLRC minutes have been disclosed.

Defendant ILWU has informed Plaintiffs' counsel that he may examine the minutes of JPLRC meetings from other ports for information regarding transfers, or, alternatively, that Defendant ILWU will retrieve the minutes of meetings during specific time periods identified by Plaintiffs. Defendants

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1  have reviewed the minutes of ILWU Executive Board meetings from 2001 to the present, and have

2  found no documents responsive to Plaintiffs' requests.

3      Plaintiffs have further requested documents relating to "NLRB unfair labor practice

4  complaints involving transfers." Defendants requested that Plaintiffs identify the specific cases they

5  believe are relevant, but Plaintiffs have failed and/or refused to do so.

6      Defendants will take depositions of all Plaintiffs and of all material witnesses identified by

7  Plaintiffs. Defendants may also propound written discovery requests regarding Plaintiffs' alleged

8  efforts to obtain transfers and the damages they allegedly suffered as a result of not obtaining the

9  transfers they now seek.

10  **9.    Class Actions:**

11      Plaintiffs have stated that they believe there is class of similarly-situated longshore workers,

12  and that they wish to reserve the right to convert this case to a class action after discovery and Rule

13  30(b)(6) depositions of Defendants. Defendants assert that the claims at issue in this matter require

14  individualized treatment and are not appropriate for class action.

15  **10.    Related Cases:**

16      The parties are unaware of any related cases at this time.

17  **11.    Relief:**

18      Plaintiffs seek monetary damages, as well as declaratory and injunctive relief. Defendants

19  contend that Plaintiffs are entitled to none of the remedies they seek.

20  **12.    Settlement and ADR:**

21      The parties have engaged in mediation with the Honorable Edward A. Infante (Ret.), but were

22  unable to reach a settlement.

23  **13.    Consent to Magistrate Judge for All Purposes:**

24      The parties do *not* want the case assigned to a Magistrate Judge for all purposes.

25  **14.    Other References:**

26      None.

27  **15.    Narrowing of Issues:**

28      Plaintiffs contend that the issues in this case have expanded rather than narrowed as a result of

1  the LA/LB JPLRC's consideration of Plaintiffs' transfer requests, and Local 13's submission of the

2  JPLRC's disagreement to the JCLRC.  Defendants assert that the these actions took place under the

3  normal operation of the contractual relationship between Defendants that long preceded the

4  commencement of this action, and that no change to the issues of case has taken place.

5  **16.    Expedited Schedule:**

6      Plaintiffs agree to a bench trial before Judge Henderson.

7  **17.    Scheduling:**

8      The Complaint in this case was filed on January 7, 2008.  Defendants have not filed their

9  response to the Complaint because of the May 19, 2008 CMC order that contemplated the parties

10  working towards settlement.  Defendants hereby request to respond to the First Amended Complaint

11  within 30 days of the Case Management Conference.

12      Assuming that Defendants answer rather than file further motions to dismiss, the parties

13  propose the following schedule:

14          Discovery Cut-Off (Nonexpert):        January 12, 2009

15          Designation of Experts:               January 30, 2009

16          Motion Hearing Cut-Off:               March 9, 2009

17          Final Pre-Trial Conference:           May 11, 2009

18          Trial:                                June 9, 2009

19  **18.    Trial:**

20      If a bench trial is not held, the parties estimate a jury trial of 10 days (assuming 5-6 hours of

21  Court time per day).

22  **19.    Disclosure of Non-party Interested Entities of Persons:**

23      On January 7, 2008, Plaintiffs filed their Certification of Interested Entities or Persons,

24  pursuant to Civil Local Rule 3-16.  In Plaintiffs' Certification, they stated that, other than the named

25  parties, there is no such interest to report.  On May 12, 2008, Defendant ILWU filed its Certification

26  of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  On May 14, 2008, Defendant

27  Local 13 filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

28  Defendant PMA will file its Certification of Interested Entities or Persons pursuant to Civil Local

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

1  Rule 3-16, prior to the September 15, 2008 Case Management Conference.

2

3  DATED:  September 9, 2008                    LEONARD, CARDER, LLP

4

5

6                                              By:

7                                                   Phil A. Thomas
                                                    Attorneys for Defendant
8                                                   INTERNATIONAL LONGSHORE AND
                                                    WAREHOUSE UNION

9

10 DATED:  September 9, 2008                    HOLGUIN & GARFIELD, LLP

11

12

13                                             By:

14                                                  Steven Holguin
                                                    Attorneys for Defendant
15                                                  INTERNATIONAL LONGSHORE AND
                                                    WAREHOUSE UNION, LOCAL 13

16

17 DATED:  September 9, 2008                    MORGAN, LEWIS & BOCKIUS LLP

18

19

20

21                                             By:
                                                    L. Julius M. Turman
22                                                  Attorneys for Defendant
                                                    PACIFIC MARITIME ASSOCIATION

23

24

25

26

27

28

DEFENDANTS' STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE
Case No. CV-08-0119-TEH

# EXHIBIT A

# ILWU-PMA
# JOINT COAST LABOR RELATIONS COMMITTEE

International Longshore and
Warehouse Union
1188 Franklin Street, 4th Floor
San Francisco, California 94109

Pacific Maritime Association
555 Market Street
Third Floor
San Francisco, California 94105

June 18, 2008

TO:     Los Angeles/Long Beach JPLRC

In CLRC Meeting No. 37-07, September 27, 2007, Item #5, the Committee noted that three (3) San Francisco registered longshoremen had been released by the San Francisco JPLRC to seek transfer to the Port of Los Angeles/Long Beach and reaffirmed that procedurally they need to seek approval of the Los Angeles JPLRC as required by the PCL&CA.

The Committee incorrectly noted that, of the seven (7) longshoremen seeking transfer, only three (3) were released. The Committee is advised that in fact the following six (6) were released by the San Francisco JPLRC:

1.     Leroy Phillips #9214
2.     Joseph Lawton #9340
3.     Jose Ayala #9326
4.     Gonzalo Torres #9414
5.     Deandre Whitten #9436
6.     Jose Linares #9479

Notwithstanding pending court action, the Los Angeles JPLRC has a contractual obligation to address the requests, given the action of the San Francisco JPLRC. By this letter, we ask that the Los Angeles JPLRC consider the Supplement I request of each individual and set forth an explanation of its agreements and/or disagreements in local minutes, with a signed copy sent to the CLRC within thirty (30) days from the date of this letter.

Very truly yours,

ILWU-PMA
JOINT COAST LABOR RELATIONS COMMITTEE

For the Union:

For the Employers:

JD 0001235
CONFIDENTIAL
Proprietary Information

# EXHIBIT B

C-O-R-R-E-C-T-E-D C-O-P-Y

MINUTES OF SPECIAL MEETING
JOINT LONGSHORE LABOR RELATIONS COMMITTEE
LOS ANGELES-LONG BEACH HARBOR

JULY 15, 2008                                   SCLB-0149-2008

The Committee met at 10:00 a.m. at 100 West Broadway, Suite 3000, Long Beach, California.

Present:  Employers              ILWU Local 13
          S. Fresenius           R. Benavente
                                 C. Viramontes

The Committee met to discuss the following issues:

1.  REQUEST FOR TRANSFER TO LOCAL 13, LOS ANGELES/LONG BEACH, FROM LOCAL 10, SAN FRANCISCO

    The Committee reviewed the requests of the six below-listed individuals seeking to transfer to Local 13:

    A.  L. Phillips, #09214, the Employers reviewed his work record and stated they had no objection to his transfer to Local 13.

    B.  G. Silva, #09414, the Employer does not agree to Mr. Silvas' transfer as he has an open Employer Complaint.

    C.  J. Linares, #09479, the Employer does not agree to Mr. Linarez's transfer as he has an extensive complaint history and an open Employer Complaint.

    D.  D. Whitten, #09436, the Employer does not agree to Mr. Whitten's transfer as he has extensive complaint history and four open Employer Complaints.

    E.  J. Lawton, #09340, the Employers reviewed his work record and stated they had no objection to his transfer to Local 13.

    F.  J. Ayala, #09326, the Employers reviewed his work record and stated they had no objection to his transfer to Local 13.

    The Union, after reviewing the request to transfer of the six above named individuals, maintains that it has always been their policy that all transfers must be on reciprocal basis and therefore the Union is not agreeable to the transfer request of these individuals until they can find someone

Sp. SCLB-0149-2008, July 16, 2008

2.

to transfer with them on a reciprocal basis.

The Union also submitted LRC Meeting No. 140-83, dated November 16, 1983, which states on Page 6; Item 18, "The Union stated Mr. Daily does not meet the requirements under Supplement I of the PCLCD for transfer. The Joint Port LRC has the right under Section 3.1(e) of Supplement I to determine the length of time any visitor shall remain in the port. The rules regarding visitors have been consistently enforced. Visitors are not approved for an unlimited time. The Employers stated the "usual rules" under Section 1.13 of Supplement I are the individuals have not been allowed to transfer into the Port of Los Angeles-Long Beach on a nonreciprocal basis. The Employers further noted a discrepancy between Mr. Dailey's medical documentation and the letter requesting transfer which states his injuries require him to work "light duty" and his statements claiming that he can perform all work. Based on the above, the Committee agreed to deny Mr. Dailey's request"

The Employers stated that a reciprocal transfer is not required and maintain that Mr. Phillips, Mr. Lawton and, Mr. Ayala should be approved for transfer to Local 13.

Disagreement was reached and this issue is referred to the JCLRC.

2.

Sp. SCLB-0149-2008, July 16, 2008

3.

Meeting adjourned at 11:15 a.m.

SF:mq - 7/16/08

Approved by PMA - 07/17/08          Approved by Local 13 - 07/28/08

# EXHIBIT C

D-R-A-F-T          MINUTES OF SPECIAL MEETING
            JOINT LONGSHORE LABOR RELATIONS COMMITTEE
                  LOS ANGELES-LONG BEACH HARBOR

JULY 15, 2008                            SCLB-0149-2008

The Committee met at 10:00 a.m. at 100 West Broadway, Suite 3000,
Long Beach, California.

Present:  Employers              ILWU Local 13
          S. Fresenius           R. Benavente
                                 C. Viramontes

The Committee met to discuss the following issues:

1.  REQUEST FOR TRANSFER TO LOCAL 13, LOS ANGELES/LONG BEACH,
    FROM LOCAL 10, SAN FRANCISCO

    The Committee reviewed the requests of the six below-listed
    individuals seeking to transfer to Local 13:

    A.  L. Phillips, #09214, the Employers reviewed his
        work record and stated they had no objection to
        his transfer to Local 13.

    B.  G. Silva, #09414, the Employer does not agree to
        Mr. Silvas' transfer as he has an open Employer
        Complaint.

    C.  J. Linares, #09479, the Employer does not agree to
        Mr. Linarez's transfer as he has an extensive com-
        plaint history and an open Employer Complaint.

    D.  D. Whitten, #09436, the Employer does not agree to
        Mr. Whitten's transfer as he has extensive com-
        plaint history and four open Employer Complaints.

    E.  J. Lawton, #09340, the Employers reviewed his work
        record and stated they had no objection to his
        transfer to Local 13.

    F.  J. Ayala, #09326, the Employers reviewed his work
        record and stated they had no objection to his
        transfer to Local 13.

    The Union, after reviewing the request to transfer of the
    six above named individuals, maintains that it has always
    been their policy that all transfers must be on reciprocal
    basis and therefore the Union is not agreeable to the trans-
    fer request of these individuals until they can find someone
    to transfer with them on a reciprocal basis. The Union also
    submitted LLRC Meeting No. 140-83, November 16, 1983, which

Sp. SCLB-0149-2008, July 16, 2008

2.

states on Page 6, Item #18, "The Union stated Mr. Daily does not meet the requirements under Supplement I of the PCLCD for transfer. The Joint Port LRC has the right under Section 3.1(e) of Supplement I to determine the length of time any visitor shall remain in the port. The rules regarding visitors have been consistently enforced. Visitors are not approved for an unlimited time. The Employers stated the "usual rules" under Section 1.13 of Supplement I are that individuals have not been allowed to transfer into the Port of Los Angeles-Long Beach on a nonreciprocal basis. The Employers further noted a discrepancy between Mr. Dailey's medical documentation and the letter requesting transfer which states his injuries require him to work "light duty" and his statements claiming that he can perform all work. Based on the above, the Committee agreed to deny Mr. Dailey's request."

Furthermore, the Union asked PMA what their position is on transfers. PMA stated "They have never objected to our reciprocal transfers, never had the position of reciprocality, and their standpoint is transfers are on a case for case basis.

Formatted: Font color: Red

The Employers stated that a reciprocal transfer is not required and maintain that Mr. Phillips, Mr. Lawton and, Mr. Ayala should be approved for transfer to Local 13.

Disagreement was reached and this issue is referred to the JCLRC.

2.

Sp. SCLB-0149-2008, July 16, 2008

3.

Meeting adjourned at 11:15 a.m.

SF:mq – 7/16/08

CV/OPEIU#537/pp – Union Corrections – 7-18-08

# EXHIBIT D

**International Longshore and Warehouse Union**

I L W U LOCAL 13  ·  320 GOLDEN SHORE DRIVE  ·  SUITE 300  ·  LONG BEACH, CA 90802  ·  (310) 830-1130

August 11, 2008

Ray Ortiz
Leal Sundet
*Coast Committeemen*
International Longshore & Warehouse Union
1188 Franklin Street
San Francisco, CA 94109

*Re: Ayala v. PMA et al.*

Dear Coast Committee Members:

We are in receipt of your June 18, 2008 letter asking us to consider the Supplement I request of the six (6) individuals requesting transfer from San Francisco to Los Angeles. A special LRC, SCLB-0149, was held on July 15, 2008, in regards to this matter where an explanation of Local 13's and PMA's agreements and disagreements were set out in local minutes. After holding this LRC the parties are still in disagreement over the Supplemental I transfers of these six individuals.

Since both parties are still at a disagreement after the LRC has been held, we are now referring this issue back to the JCLRC to be resolved. The final wording of the minutes could not be agreed upon. Enclosed please find both parties' renditions of the LRC minutes.

Very truly yours,

Chris Viramontes
Secretary/Treasurer
ILWU Local 13

cc:     Joe Cortez, *ILWU Local 13, President*
        Ray Benavente, *ILWU Local 13, Vice President*
        Mark Mascola, *ILWU Local 13, Labor Relations Representative*
        Harry Dong, *ILWU Local 13, Labor Relations Representative*
        Robert McElrath, *ILWU President*
        William E. Adams, *ILWU Secretary/Treasurer*
        Steve Fresenius, *So. Calif. Assistant Area Mgr., Pacific Maritime Association*

Enclosures

OPEIU537/pp

00078