IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE AYALA, et al.,

    Plaintiffs,

v.

PACIFIC MARITIME ASSOCIATION, et al.,

    Defendants.

No. C-08-00119 TEH (EDL)

**ORDER FOLLOWING DISCOVERY HEARING**

On January 7, 2009, Plaintiffs filed a letter regarding a discovery dispute between the parties. On January 8, 2009, Defendants filed their responsive letter. Also on that day, Judge Henderson referred this matter to this Court for all discovery purposes. On January 13, 2009, the Court set a hearing for January 20, 2009. On January 16, 2009, Plaintiffs filed a second letter addressing another discovery dispute. The Court heard all current discovery disputes on January 20, 2009. For the reasons stated at that hearing, the Court issues the following Order.

Plaintiffs seek discovery regarding past litigation, settlements and consent decrees, and in particular, discovery regarding Defendants' compliance with NLRB v. ILWU Local 13, 549 F.3d 1346, 1351 (9th Cir. 1977). Plaintiffs sought this discovery through topic 2 of their Rule 30(b)(6) deposition notice. Plaintiffs wanted a longer time period but otherwise agree to Defendants' proposed topic 2, that is:

> Whether the ILWU, ILWU Local 13, ILWU Local 63 or ILWU Local 94 has, within the past ten years, entered into any settlements or consent decrees relating to allegations of nepotism, "selling books," or discrimination based on connection(s) or lack of connection to the ILWU, a union local or longshore industry, in the listing of casuals or registration of longshore workers (including the transferring of registrations) in the Ports of Los Angeles and Long Beach and if so, the current status of any such settlement or consent decree.

See Pls.' Ex. 7 at 2. The Court agrees with Defendants that for the deposition, a ten-year period is

adequate, and orders Defendants to produce a witness to testify as to the revised topic 2. Further, no later than January 27, 2009, and sooner if possible, Defendants shall produce documents regarding settlements and consent decrees on the same topic for a fifteen year period without prejudice to follow up discovery.

Topic 3 of Plaintiffs' deposition notice is not relevant. Therefore, Defendants need not produce a witness to testify as to topic 3.

With regard to the 2004 hiring lottery, the parties shall meet and confer to reach a stipulation reflecting the number of cards in each drum involved in the lottery. Defendants shall also provide documents sufficient to show the employment progress made thereafter in union status by the employees hired through the 2004 lottery. The parties shall complete these items no later than January 27, 2009.

With respect to each set of redacted minutes of the two Committees, Defendants shall provide to Plaintiffs declarations from the persons most knowledgeable explaining the redactions no later than January 27, 2009. Further, Plaintiffs may select two examples of documents that they believe to be improperly redacted, and shall inform Defendants of that choice and the parties shall meet and confer. If they cannot agree, the parties shall submit a joint letter regarding the documents and Defendants shall lodge redacted and unredacted copies of those documents with the Court for in camera review. The joint letter and the documents shall be submitted to the Court no later than February 3, 2009.

Defendants agreed to stipulate that there was work for Plaintiffs in the Port of Los Angeles/Long Beach during the period of time at issue.

**IT IS SO ORDERED.**

Dated: January 22, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2