IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA, et al., | No. C-08-00119 TEH (EDL) |
| Plaintiffs, | **ORDER FOLLOWING EMERGENCY DISCOVERY CONFERENCE** |
| v. | |
| PACIFIC MARITIME ASSOCIATION, et al., | |
| Defendants. | |

On April 16, 2009, the parties telephoned the Court during the noticed deposition of Ray Ortiz, an elected official of Defendant International Longshore and Warehouse Union, regarding a dispute between them as to whether the deposition would be videotaped. There is no dispute that the deposition notice called for a videotaped deposition, but at the deposition Defendant's counsel objected to a videotaped deposition on the grounds that Mr. Ortiz had concerns about the possible misuse of the videotape in connection with union business or on the internet. Defendant's counsel had not objected to the deposition notice prior to the morning of the deposition because counsel, who was not the primary lawyer for Defendant, was not aware of the videotape requirement until the day of the deposition.

The Court held a telephone conference regarding the dispute. Under Federal Rule of Civil Procedure 30(b)(3)(A), the party noticing a deposition must state in the notice the method for recording the deposition, and that "[u]nless the court orders otherwise, testimony may be recorded by audio, *audiovisual* or stenographic means." Fed. R. Civ. P. 30(b)(3)(A) (emphasis added). Further, an objection at the time of the deposition to the manner of taking the deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2).

1   Here, Plaintiffs noticed Mr. Ortiz's deposition to be recorded by videotape in accordance
2   with Rule 30(b)(3)(A), and Defendant did not object until the morning of the deposition. Further,
3   the concerns expressed by the witness could be fully addressed by a protective order. Accordingly,
4   the Court ordered the deposition to proceed by videotape subject to a protective order strictly
5   limiting the use of the videotape on the same terms as in Judge Henderson's February 11, 2009
6   Stipulated Protective Order Regarding the Use of Video Recording of Deposition (docket number
7   84) in connection with depositions pursuant to Federal Rule of Civil Procedure 30(b)(6).
8   Specifically, each party shall only order a single copy of the video recording of Mr. Ortiz's
9   deposition and that single copy of the video recording shall be maintained in the possession, custody
10  and control of counsel for each party. In addition, the Ortiz deposition shall not be reproduced in
11  any format, or distributed in any manner, by its custodian to any person other than counsel at any
12  time, absent written agreement by all parties. Further, the videotape may only be shown to persons
13  other than counsel who maintains the recording, including any party, to the extent necessary to
14  conduct this litigation, including pretrial and trial preparation, and the video recording may not be
15  reproduced and/or distributed to any other person, or its contents used, for any purpose that is not
16  directly connected, and necessary, to conduct this litigation. Plaintiffs point out that these
17  conditions may be too restrictive and go beyond what is necessary to prevent abuse. To the extent
18  that a party wishes to use the videotaped deposition for another purpose such as subsequent
19  litigation, the Court orders the parties to meet and confer in an effort to reach a stipulation on that
20  future use, or alternatively, to file an appropriate motion seeking to modify the protective order.

21  Defendant's counsel subsequently informed the Court that Mr. Ortiz was not in a position to
22  proceed with the deposition given the Court's ruling, but that he would be available on April 22,
23  2009 for his videotaped deposition. Plaintiffs note that the discovery cutoff is April 21, 2009, but
24  are willing to proceed on April 22, 2009 with Mr. Ortiz's deposition provided their reasonable
25  expenses are reimbursed for the postponement of the deposition despite the Court's order that it
26  proceed. The Court extends the discovery cutoff date by one day for the sole purpose of
27  accommodating the Ortiz deposition. Plaintiffs further argue that they are entitled to reimbursement
28  of fees and costs, such as videographer costs and travel costs, incurred as a result of the inability to

2

take Mr. Ortiz's deposition. Reimbursement of Plaintiffs' reasonable expenses, such as videographer costs and travel costs for at least one attorney, would appear to be appropriate, and the parties are ordered to meet and confer on that issue.

**IT IS SO ORDERED.**

Dated: April 17, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge