IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE AYALA, et al.,

        Plaintiffs,

    v.

PACIFIC MARITIME ASSOCIATION, et al.,

        Defendants.

NO. C08-0119 TEH

ORDER REGARDING FILINGS FOLLOWING TAXATION OF DEFENDANTS' BILLS OF COSTS

        This matter came before the Court for a bench trial on October 26, 2010, which concluded November 3, 2010 and for which closing arguments were heard on January 31, 2011. A judgment in favor of the Defendants was issued by this Court on July 25, 2011, holding that Plaintiffs had failed to prove their claim that Defendants violated section 301 of the Labor Management Relations Act and breached their duty of fair representation.

        On August 5, 2011, Defendants International Longshore & Warehouse Union ("ILWU") and International Longshore & Warehouse Union Local 13 ("Local 13") each filed a Bill of Costs with this Court (Local 13 also filed an amended Bill of Costs five days later, on August 10, 2011). Plaintiffs filed an Objection to these Bills of Costs on August 18, 2011, with supporting documentation of the parties having conferred about Plaintiffs' objections via telephone conference prior to the filing of Plaintiffs' Objection. All filings were timely and in accordance with the requirements of Civil Local Rules 54-1 and 54-2.

        Plaintiffs' Objection was primarily to the costs in this case being entered as a joint and several judgment against the Plaintiffs. The Objection also raised this Court's broad discretion not to award costs at all, albeit briefly and without addressing the factors which this Court must consider, such as the financial circumstances of the individual Plaintiffs and any disparity between the Plaintiffs' and Defendants' worth, Plaintiffs' ability to pay and the

fairness of ordering costs in this matter, whether Plaintiffs brought suit in good faith and the meritoriousness of their claims, the difficulty or complexity of the issues involved in the case, the importance of the issues raised in the case, and the potential chilling effect on future litigation of ordering the Plaintiffs to pay the Defendants' requested costs. *See, e.g.* **Van Horn v. Dhillon**, 2011 WL 66244 (E.D. Cal. 2011).

An Objection to a Bill of Costs, under both Federal and Local Rules, is intended as an opportunity for the losing party to make "specific objections to any item of cost claimed in the bill," and "succinctly set[] forth the grounds for each objection." N.D. Cal Civ. L. R. 54-2. Here, it seems that the Plaintiffs have not filed such specific, itemized objections, but rather focused on whether costs ought be awarded and, if so, the type of judgment the Court should issue in requiring the Plaintiffs to pay Defendants' costs. The question of whether costs should be awarded, and, if so, how best to structure any judgment is properly addressed after the Taxation of Costs has been completed by the Clerk. At that time, the Plaintiffs are invited to file a motion to deny costs, the Defendants are free to file a response to Plaintiffs' arguments, and then, following counsels' filings, the Court may properly consider and decide the question of whether costs will be awarded and (if so) how.

Therefore, it is the ORDER of this Court that a Taxation of Costs be prepared, and that any motions to review the Clerk's Taxation of Costs or motions to deny costs be timely filed, in accordance with Federal and Local Rules, following the issuance of the Taxation of Costs.

**IT IS SO ORDERED.**

Dated: 9/29/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2